## JOHN WALKER *versus* JOSEPH BRADLEY.

Where an administrator pays a debt in full, upon an erroneous belief that the estate of
his intestate is solvent, an action to recover back part of the money paid does not
accrue until the insolvency of the estate is ascertained by a decree of insolvency
and order of distribution; and consequently, the statute of limitations begins to run
from that time.

A demand of repayment was made after such decree, and interest was allowed only
from the time of such demand.

UPON a case stated the facts were these. On the 8th of June,
1814, John Walker died, intestate, indebted to the defendant
upon a promissory note. On the 31st of December following,
the plaintiff, being administrator on the estate of the intestate,
paid the sum due to the defendant. In October 1817, the
estate was represented insolvent, and on the 3d of March, 1820,
a decree of distribution was passed in the probate court,
ordering sixty cents only on a dollar to be paid to creditors on
the amount of their claims ascertained and reported by com-
missioners. The plaintiff now demanded forty per cent. of the
amount of the defendant's claim, as reported, with interest;
that proportion having been paid by the plaintiff over and above
what the estate would pay, by mistake or ignorance of the facts.
A demand was made on the defendant on the 1st of May,
1822. The action was commenced in 1824.

*Oct. 14th.*   The cause was argued by *W. Richardson* for the plaintiff,
and *Hoar* for the defendant.

*Oct. 17th.*   WILDE J. delivered the opinion of the Court. On the facts
agreed the plaintiff is entitled to recover, on the principles laid
down in the case of *Walker* v. *Hill*, 17 Mass. R. 380, unless
his right of action is barred by the statute of limitations.[1] This
depends on the question when his right of action first accrued.
The defendant's counsel contends that it accrued immediately
on payment of the money. But it is very clear, we think, that
no action could have been maintained, without proof that
the estate was insolvent; and no proof, short of a decree
of the judge of probate to this effect, would have been suffi-
cient.

---

[1] 1 Story on Equity, 109, note 4, 110, note 1.

Did it then accrue on the representation of insolvency ?
We think not, for such representation is no proof that the
estate was in fact insolvent ; and if it were, the extent of insol-
vency could not have been ascertained but by a decree of
insolvency and order of distribution.   Before such decree and
order the plaintiff had no legal means of ascertaining the amount
of his claim, and could not sustain an action.   It follows there-
fore that no right of action accrued before the final decree of
insolvency.   This decree was passed on the 3d day of March,
1820.

There is no analogy between the case under consideration
and the common case of money paid by mistake.  In the latter
case an action lies immediately to recover back the money.
The legal remedy is perfect, notwithstanding the ignorance of
the party.   But in the present case, if the plaintiff had dis-
covered the insolvency of the estate immediately after payment
of the money, he nevertheless had no legal remedy until the
decree of insolvency.   On the passing of that decree, there-
fore, his right of action first accrued.

*Richardson*, after the opinion was delivered, said that, in
equity, interest ought to be allowed from the time when the
money was paid.

WILDE J.   We can allow interest only from the 1st of
May, 1822.[1]

*Judgment for the plaintiff.*

Margin: Walker *v.* Bradley.

<hr/>

[1] See *Wood* v. *Robbins*, 11 Mass. R. 504; *Winthrop* v. *Carleton*, 12 Mass.
R. 4; *Dodge* v. *Perkins*, 9 Pick. 368.  In England interest is not in general
recoverable in an action for money had and received.   *De Bernales* v. *Fuller*,
2 Campb. 426 ; *De Havilland* v. *Bowerbank*, 1 Campb. 50 ; *Crockford* v. *Win-
ter*, 1 Campb. 129; *Calton* v. *Bragg*, 15 East, 224 ; *Higgins* v. *Sargent*
2 Barn. & Cressw. 351.  Indeed the English courts have so often decided
that interest is not recoverable in an action for money had and received,
that the judge at nisi prius will not allow the question to be agitated.  *Depcke*
v. *Munn*, 3 Carr & Payne, 112 ; *Hicks* v. *Mareco*, 5 Carr. & Payne, 498.