EDGAR S. TWEEDY AND ANOTHER, EXECUTORS, *vs.* EZRA P. BENNETT.

A creditor of a deceased person, whose claim was a preferred one, sued an executor *de son tort* in assumpsit for his debt. The case was tried in the superior court on an issue of fact closed to the court, and the case reserved on a special finding of the facts for the advice of the supreme court, which advised that judgment be rendered for the plaintiff. After the case went back to the superior court for final judgment the defendant filed a plea, alleging that since the last continuance he had proceeded with the settlement of the estate in the court of probate, had represented it insolvent and that it was in fact so, and had had commissioners appointed to receive claims against it, and praying that the suit abate. He also filed a motion for the dismissal of the case, setting up the same facts. By statute, where an estate is represented insolvent, all claims not presented to the commissioners within the time limited by the court of probate are barred, unless such creditors shall show some estate not before discovered and inventoried, of which in that case they are to have the benefit. The superior court refused to receive the plea, overruled the motion to dismiss the case, and rendered judgment for the plaintiff for the full amount of his debt, Held, 1. That the plea was properly rejected by the court as coming too late. 2. That the motion was properly overruled for the same reason. 3. That the court properly rendered judgment for the whole amount of the plaintiff's debt.

Although the plaintiff would be compelled to present his claim to the commissioners, and could receive from the estate only his dividend with other creditors of the same class, if the assets should be insufficient to pay them all in full, yet this was no reason why his judgment should be for less than his whole debt. His dividend would be based upon his whole claim, and if further assets not inventoried should be discovered and should be sufficient, he would be entitled to full payment.

WRIT of error, brought by the plaintiffs as executors of

George W. Ives, against whom as executor of Henry Wolf the defendant in error had obtained a judgment in the superior court, in a case heretofore reported in 30 Conn. R., 329. The case is sufficiently stated in the opinion.

*Averill* and *Brewster*, for the plaintiffs in error.

*Taylor*, for the defendant in error.

SANFORD, J.  When this case was before us at a former term, upon the finding of facts by the superior court, we advised judgment for the original plaintiff, now defendant in error.  30 Conn., 329.

At the next succeeding term of the superior court, the defendant, now plaintiff in error, offered a plea in which he alleged that since the last continuance he had represented to the proper court of probate that Wolf's estate was insolvent, and that it was in fact insolvent, and that he had procured the appointment of commissioners, and was proceeding to settle the estate in that court as an insolvent estate.  And he prayed that the plaintiff's suit might abate.  To this plea the plaintiff replied that his demand was for expenses of Wolf's last sickness; and the defendant demurred.  The defendant also filed a motion praying the court to dismiss the suit for the same causes as those set up in his plea.  The superior court, without deciding the demurrer, rejected the plea, overruled the motion, and rendered judgment for the full amount of the plaintiff's demand and his costs; and we think it proceeded right.

1.  The plea was rightly rejected, whether the matter set up in it was sufficient to abate the suit or not.  It came too late. The cause had been tried upon the defendant's plea of the general issue, and the facts had been found by the court. That finding was equivalent to a verdict returned.  All pleading was at an end.  The final issue had been made up, and submitted by the parties to the court, and had been decided. The rights of the parties had been finally determined, and the legal judgment then impended.  No plea in abatement could

be entertained. Gould Pl., 374. 1 Arch. Prac., 451. *Ket Admr.* v. *Life*, Yelv., 125.

2. The motion was properly overruled for the same reason. It came too late. No motion to dismiss the suit could be entertained after the pleadings had been finished, the issue closed and found, and while the court was deliberating or taking advice as to the form or substance of the judgment to be entered up.

3. Judgment for the whole amount of the plaintiff's debt and costs was right also.

Upon the finding of the superior court the original defendant's liability as executor was conclusively determined. *Bennett* v. *Ives*, 30 Conn., 329. By taking administration indeed he had legalized his prior proceedings. *Shillaber* v. *Wyman*, 15 Mass., 322. 1 Saund. R., 265, n 2. *Rattoon* v. *Overacker*, 8 Johns., 126. *Curtis* v. *Vernon*, 3 T. R., 587. But he stood now upon no better ground than if he had been a rightful executor from the first, and the same judgment must be rendered against him as if he had been such rightful executor.

Every estate in the legal course of settlement is to be treated as solvent, until represented otherwise to the court of probate; (per Church, J., in *Bacon* v. *Parker*, 12 Conn., 217;) but when the assets of the estate are insufficient for the payment of all claims upon them, they must be distributed amongst the creditors in the order and manner pointed out by the statute; every creditor being entitled, not only to his appropriate place in the order of priority, but also to his due proportion of such assets with other creditors of the same degree; and an executor has no right to pay out the assets to any one creditor, to the exclusion or injury of another. If he desires to protect himself against liability for claims beyond the value of the assets, he has but to represent to the court of probate that the estate will probably be insolvent, and settle it as such in the manner provided by statute Rev. Stat., tit. 14, ch. 3. Then no suit except for debts due to the state, or for expenses of the last sickness or funeral charges, can be brought against him, so long as such estate is pending for settlement. All suits pending abate, and on judgments rendered before such representa-

tion of insolvency no execution can legally be issued. Rev. Stat., tit. 14, § 58.

The policy of our law is to make the court of probate the instrument by which every thing relating to the settlement of the estates of deceased persons may be accomplished. Commissioners appointed by that court are invested with ample powers for the investigation and allowance or rejection of all claims legal and equitable, and liberal provision is made for the review of their decisions; and thus the expenses attending litigation in the ordinary courts of law and equity are in good part avoided, the final settlement of estates greatly expedited and facilitated, and the rights of all parties adequately protected; while the assets of the estate are equitably distributed amongst all the creditors. Why the holders of the preferred claims enumerated in the 58th section are excepted from the prohibition to sue which that section contains is not very obvious. Nor is it at all important, since the 57th section of the act in terms provides that *every creditor* who shall not exhibit his claim to the commissioners before the expiration of the time limited by the court of probate, shall be forever debarred of his debt, unless he can show some estate not before discovered and embraced in the inventory; so that no advantage to the preferred creditor seems likely to accrue from the prosecution of his claim otherwise than before the tribunal which this law provides. If the preferred creditor sues and obtains his judgment against the executor, he must still exhibit it to the commissioners or he can have no participation in the assets. The whole structure of the statute relating to this subject proceeds upon the idea that all claims against the estate are to be exhibited to and allowed or rejected by the commissioners, and to be by them reported to the court of probate as the basis of its further proceedings.

Besides the fifty-seventh section already noticed, the fifty-ninth provides, that " if *on report of the commissioners* the estate shall *appear to be* insolvent," the court of probate shall set out to the widow certain property " to be her own," and shall order the executor or administrator to sell all the residue of the estate real and personal; the sixty-first section provides

that " such sales being made, the executor or administrator shall render an account thereof to the court of probate, and said court shall direct the payment of the claims against the estate in the following order, to wit : first, the funeral expenses and the expenses of settling the estate ; secondly, debts due for the last sickness of the deceased ; thirdly, all lawful taxes and all debts due to the state ; and lastly, all other debts as allowed, in proportion to their respective amounts ; " and the sixty-third section provides that " whenever any estate of a deceased person shall be represented insolvent, and *upon the report of the commissioners* the court of probate shall find *from the amount of debts reported* that said estate is not insolvent, said court shall order the payment of said debts and the charges of settling said estate, and in case *such payments* shall not exhaust all the property belonging to said estate, the creditors who are not inhabitants of this state, and who have not presented their claims to said commissioners, may present the same at any time within six months," &c.

Equality is equity. Justice requires that all creditors of the same class should participate in the assets of the estate in proportion to their respective debts. But unless all creditors of every class are required to exhibit their claims to the commissioners, it can not be known to which class, or how much to each of the individuals of any class, the executor ought to pay out the assets in his hands ; and one creditor might get his whole debt fully paid, while another would receive but part of his, or nothing at all.

It will sometimes happen that several individuals have claims for expenses of the last sickness of the deceased, all of them equally meritorious, but in the aggregate exceeding the whole amount of assets which the executor is at liberty to appropriate to the payment of that class of claims. In such a case the injustice of paying one of such creditors in full, to the entire exclusion of the rest, or paying them but half, would be manifest.

In the case at bar the plaintiff had brought his action, and in legal contemplation obtained his judgment, before Wolf's estate was represented insolvent ; and no reason existed why

the judgment should not be for his whole demand. The estate was to be treated as solvent, not having been represented otherwise, and judgment was properly rendered for the whole demand, for these if for no other reasons,—that it was found justly due,—that other assets might afterwards be discovered,—and that, if the estate should be, as it was afterwards represented, insolvent, the plaintiff might be enabled to obtain his proper dividend upon his whole demand.

We find no error in the record.

In this opinion the other judges concurred.