THE STATE EX REL. LYNCH, GUARDIAN, *vs.* EUGENE W. WHITEHOUSE ET AL.

Third Judicial District, Bridgeport, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 230 (Rev. 1888, §§ 467, 468), provides a method whereby a foreign guardian, upon application to the local Court of Probate, may obtain possession of his ward's personal property in this State. *Held* that if the conditions which would justify a transfer of the property to the foreign guardian existed in fact, the bondsmen of a domestic administrator were not liable because he voluntarily turned over the property to the foreign guardian without insisting upon his compliance with the statutory procedure.

The Court of Probate had passed upon the administrator's account and found that the balance in his hands belonged to the aforesaid ward. *Held* that no order of distribution was necessary to enable the administrator to make a valid transfer of the estate to the person lawfully entitled to it.

Where such administrator and guardian are one and the same person, the transfer may be effected without a formal delivery and without making debit and credit entries. The mere election of the custodian to hold the property thereafter as guardian, rather than as administrator, is sufficient.

Argued October 31st, 1902—decided January 7th, 1903.

ACTION against the sureties upon a probate bond, brought to the Superior Court in Fairfield County and tried to the jury before *Robinson, J.;* verdict and judgment for plaintiff for $7,000, and appeal by the defendants for alleged errors in the charge of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*John H. Light,* for the appellants (defendants).

*Levi Warner,* for the appellee (plaintiff).

HALL, J. On the 5th of June, 1894, Charles W. Savage died intestate, at Norwalk, leaving property in this State, and leaving two minor children residing in Augusta, Maine.

Eugene W. Whitehouse, one of the defendants, but who makes no defense to this action, was, by the Court of Probate of Norwalk, appointed administrator of the estate of said Savage, and for the faithful performance of his duties as such administrator gave the bond of $10,000, upon which the present suit is brought, and the sureties upon which bond are the defendants other than said Whitehouse.

On the 27th of February, 1896, said Whitehouse filed his final account, as such administrator, in the Court of Probate of Norwalk, showing a balance remaining in his hand for distribution, after the payment of all debts, of $6,344.96 consisting of $5,325.71 in cash, of furniture and other personal property of the value of $519.25, and the remainder in notes and choses in action. Said final account was allowed by the Court of Probate on said day, and on the same day said court made a finding that said two minor children of said Savage were entitled, as heirs and distributees, to the estate of said Savage in equal proportions.

The plaintiff Thomas J. Lynch was, in June, 1899, by the Court of Probate of Kennebec, Maine, and in December, 1899, by the Court of Probate of Norwalk, appointed guardian of said minor children, and since such appointment the Court of Probate of Norwalk has ordered said Whitehouse, as administrator, to deliver all said estate of said Savage in his hands to the plaintiff, as such guardian. Said Whitehouse has failed to comply with this order.

The complaint alleges that said Whitehouse has converted said estate to his own use, and the plaintiff, as such guardian, seeks by this action to recover of the sureties upon said administrator's bond the value of the estate shown by the administrator's final account of February 26th, 1896, to have been in his hands for distribution.

Said defendants deny any liability as sureties upon said administrator's bond, upon the ground that said Whitehouse, during the year 1897 and while he was both administrator of the estate of said Savage and also the lawful guardian of said minor children, paid over to himself as such guardian, and

received from himself as such administrator, the estate of said Savage so in his hands as administrator for distribution.

In support of this contention the defendants claimed at the trial to have proved the following additional facts: On March 8th, 1897, the said Whitehouse was duly appointed guardian of said minor children by the Court of Probate of Kennebec, Maine, and gave a bond in said court of $6,000 for the faithful performance of his duties as such guardian.

On March 10th, 1897, said Whitehouse wrote to the judge of the Court of Probate of Norwalk, declaring that as administrator of the estate of said Savage he had transferred to himself, as guardian of said minor children, the balance in his hands as administrator, and that, as such guardian, he had received the same; and asking if that would not be sufficient to enable the judge of probate to enter a decree upon the records that such balance of the estate had been turned over to the guardian, and requesting said judge, in case it was not, to send to him, for his signature, such statement as would enable the judge to make the proper decree in order to balance the estate.

The judge of probate of Norwalk refused to approve the bond of $6,000 given by Whitehouse, as guardian in the Court of Probate in Kennebec, because it was not for double the value of the estate as required by § 467 of General Statutes of Connecticut (Rev. 1902, § 230), and said Whitehouse thereupon, on the 22d of March, 1897, gave a further bond of $13,000 in said Court of Probate of Kennebec.

On or about January 8th, 1898, said Whitehouse sent an application to the Court of Probate of Norwalk, with copies of the records of the Court of Probate of Kennebec, showing his appointment and qualification as such guardian in Maine, and asking for his appointment as such guardian in this State; but such appointment was never made.

Said Whitehouse, in collecting rents and paying out money for the benefit of said minors in Maine, acted there as such guardian from March 8th, 1897, until his removal in June, 1899, and on May 6th, 1899, filed his guardian's account in the Court of Probate of Kennebec, in which he charged

himself, as such guardian, with the estate so shown by his final administrator's account to be remaining in his hands for distribution, and credited himself, as such guardian, with certain sums expended in the maintenance and for the benefit of said minors.

Said Whitehouse was removed, as such guardian, by the Court of Probate of Kennebec in June, 1899, upon the application of one of the sureties of said $13,000 bond, in which application it was alleged that said Whitehouse had converted a sum of money which had come into his hands as such guardian, and the plaintiff was thereupon appointed in his place.

The plaintiff claimed that it appeared that said Whitehouse never made any actual transfer of the funds or estate held by him as administrator to himself as guardian, in any other manner then by writing and sending said letter to the judge of probate of Norwalk, and that at that time said Whitehouse did not actually have in his hands, as administrator, the funds and estate of said Savage, shown by his administrator's account, but that he was then, and has ever since been, insolvent.

The defendants claimed that when said transfer was so made said Whitehouse was solvent, and that the money which formed the principal part of the estate in his hands, as administrator, was deposited in his individual name in a bank in Maine.

The defendants requested the court to charge the jury, in substance, that after the said Whitehouse had paid all the debts of the estate of said Savage, and his final account as administrator showing the amount in his hands for distribution had been accepted by the Court of Probate of Norwalk, and said court had made its finding that said minor children were the sole heirs of said Savage and were entitled to receive said estate, no formal transfer of said estate from himself as administrator to himself as guardian was required to enable him to receive and lawfully hold said estate as guardian, other than the sending to the Court of Probate of Norwalk the writing declaring that as administrator he had transferred

and paid over said estate to himself as guardian, and that to render such payment and transfer lawful said Whitehouse was not required either to procure an order of distribution from the Court of Probate of Norwalk, or to be appointed, in this State, guardian of said minors.

The court did not charge as requested, but in substance instructed the jury that while a voluntary payment or transfer of said estate might have been lawfully made by said administrator, after the acceptance of his final account and the ascertainment of the heirs by the Court of Probate, to a guardian of said minors appointed in this State and duly qualified, yet " this administrator, Whitehouse, could not lawfully pay over to himself as guardian the estate in his hands, so as to release and discharge the sureties upon his bond as administrator, until he had been appointed guardian of these minor heirs by the Court of Probate for the district of Norwalk in this State ; " and that the action necessary to be taken before there could be such a payment by an administrator appointed under the laws of this State, to a guardian appointed under the laws of Maine, was fixed by §§ 467 and 468 of the General Statutes (Rev. 1902, § 230) which the court read to the jury.

This part of the charge was erroneous. The administrator Whitehouse could have lawfully transferred to himself, as guardian, such part of the estate of said Savage as he held, when he was appointed guardian by the Court of Probate of Kennebec in March, 1897, and had qualified as such guardian in accordance with the laws of the State of Maine, without having first been appointed guardian by a Court of Probate in this State.

The main purpose of the statute above referred to, § 230 of the General Statutes of 1902 (Rev. 1888, §§ 467, 468), is to enable the lawful guardian or other custodian of property, appointed under the laws of another State, to obtain possession of personal property belonging to those whom he represents, and which is in the custody of some person in this State. It provides for an application to the Court of Probate by such foreign guardian or custodian only. It enables him,

in order to obtain possession of such property, to be appointed guardian in this State without further bonds, and so, if necessary, to bring an action in the courts of this State to obtain the possession of such property; and also enables him to procure the Court of Probate of this State to authorize the person having the custody of such property to deliver it to such applicant. To obtain such aid from the Court of Probate of this State, the applicant is required to prove his appointment in such other State, in the manner pointed out by the statute; that in the court of his appointment he has given a bond in double the value of all the estate of the person to whom such property belongs; and that all the debts chargeable against the property in question and contracted in this State have been paid and satisfied.

If, in the present case, the estate in question has been transferred to the guardian, who by the laws of the State of Maine was entitled to the custody of it, and if, as appears to be true, such guardian has given the required bond in double the value of the estate belonging to said minors, and all debts chargeable against said property and contracted in this State have been satisfied, all the purposes of the statute have been fully accomplished, and no one has been in any way injured by the fact that Whitehouse was not appointed guardian in this State. If such are the facts, the situation of all the parties interested in the estate when the alleged transfer was made, would seem to be precisely the same as it would have been had Whitehouse been also appointed guardian in this State. If, after the payment of all charges against the property in this State, the administrator chose to voluntarily deliver it to the lawful guardian of the owners in Maine, without requiring such foreign guardian either to procure the Court of Probate of this State to authorize such transfer, or to appoint him guardian here, neither the minor children to whom the property belonged and to whom it was in legal effect transferred, nor the plaintiff who brings this suit for their benefit, can complain because the Court of Probate did not authorize the transfer, nor because a guardian was not appointed in Connecticut; especially when the guardian who

received the estate gave the required bond in the Court of Probate of Maine, in double the value of the entire estate.

The administrator's final account having been accepted, and the heirs and distributees having been ascertained by the Court of Probate, an order of distribution was not necessary to enable the administrator to make a valid transfer of the estate to the persons lawfully entitled to it. There was but a small portion of the estate which was required to be divided by distribution. The order of the Court of Probate upon which the plaintiff himself relies, namely, that the administrator pay over all the estate in his hands to the plaintiff as guardian, calls for a delivery of the entire estate to the guardian, without any distribution or division of it between the two heirs who are found to be entitled to receive it. If the estate was in fact transferred to Whitehouse while he was the lawful guardian of these minors, his successor, the plaintiff, will not be heard to complain in this action that the estate was delivered to Whitehouse before a distribution or order of distribution was made. An administrator may, if he wishes, assume the risk of payment to the proper parties. *Merwin's Appeal*, 75 Conn. 33 ; *Brown* v. *Forsche*, 43 Mich. 492, 497 ; *Biays* v. *Roberts*, 68 Md. 510, 513 ; *In re Scott's Account*, 36 Vt. 297, 300.

If Whitehouse, at the time he was appointed guardian, had no funds or property of the estate of Savage, but had converted the estate to his own use and was insolvent, as claimed by the plaintiff, of course no transfer of the estate could have been made to the guardian. But to effect a transfer to the guardian of such property or funds of the estate as he held when he was appointed guardian, even though the funds were deposited in his own name, no formal transfer, or charge or credit upon any account as administrator or guardian, was required to be made. His final account, showing the balance after the payment of all debts in his hands for distribution, having been accepted, and the heirs having been ascertained by the Court of Probate, and he having, after he was himself appointed guardian for those found to be entitled to the estate, declared his election to hold the estate as guardian,

Peck et al. *v.* Bridgeport.

the law will regard as transferred to him as such guardian such part of the property or funds of the estate of said Savage as he held, or had under his immediate control, at the time of his appointment as guardian. *State* v. *Cheston*, 51 Md. 352, 377 ; *Bell* v. *The People*, 94 Ill. 230, 237 ; *Ruffin* v. *Harrison*, 81 No. Car. 208, 221 ; *Karr* v. *Karr*, 6 Dana (Ky.), 3, 6 ; *Taylor* v. *Deblois*, 4 Mason, 131, 138 ; *In re Scott's Account*, 36 Vt. 297, 300 ; Schouler on Domestic Relations (5th Ed.), § 324.

There is error and a new trial is granted.

In this opinion the other judges concurred.