STILES E. GOODSELL ET AL., TRUSTEES, *vs.* THE McELROY BROTHERS COMPANY.

Third Judicial District, Bridgeport, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

If a defendant intends to controvert the right of the plaintiff to sue as a trustee, he must do so specifically in his answer. A mere general denial of the plaintiff's allegation that he had accepted his appointment as testamentary trustee, confines the defendant's attack to that precise ground.

The question whether those named as executors and testamentary trustees accepted the trust or not, is one of fact. No action of any court is necessary to give effect to their acceptance, which may be shown by affirmative evidence of their conduct in their official relation to the estate, both before and after their final account as executors.

Such evidence is likewise pertinent to show that such appointees undertook the active management of the trust estate in their capacity of trustees.

Where the same persons are executors of the will and trustees of the entire residuary estate, the amount of which has been definitely ascertained by the final administration account, and no bond or other formality is a prerequisite of qualification for the trusteeship, the law will regard the residue as transferred to, and as thereafter held by, such persons in their new capacity as trustees, in accordance with their election and intent as shown by their conduct, notwithstanding there has been no distribution by the Court of Probate, nor any inventory, assignment, transfer, or delivery of the trust fund.

Under the provisions of § 4219 of the General Statutes, negotiable paper
can be transferred by parol and delivery, without indorsement, so
as to vest the transferor's title in the transferee.

Argued October 31st—decided December 19th, 1912.

ACTION to recover the amount of six promissory notes
payable to the order of a decedent upon whose estate
the plaintiffs were alleged trustees, brought to and tried
by the Superior Court in Fairfield County, *Burpee, J.;*
facts found and judgment rendered for the plaintiffs for
$17,421, and appeal by the defendant. *No error.*

The complaint contains six counts. In each it is
alleged that the defendant corporation, on a date
specified by its note, promised to pay to the order of
one Charles H. Hawley, of Bridgeport, a certain sum
of money, in one case six months after date, and in the
others on demand, and in each case with interest at
six per cent. It is further alleged that these notes
have not been paid, except for some partial payments
set out. It is also averred that Hawley died subse-
quent to the making and delivery of the notes, leaving
a will duly probated, in which the plaintiffs were named
as executors and as trustees of the entire residuary
estate, and excused from giving bond in both capacities;
that the plaintiffs accepted the trust under the will,
and were by the Court of Probate confirmed as ex-
ecutors; that as such executors they settled the estate,
and in due course filed with the Court of Probate their
account as executors; that said account was afterward
accepted by said court; that such accounting showed
a balance on hand in the form of both realty and per-
sonalty constituting said residuary estate; that upon
the day that said account was accepted the plaintiffs
completed their duties as executors, except such as
should arise after the termination of said trust; that
they thereafter held said residuary estate, and were

still holding the same, under their appointment as trustees; and that the notes in suit constituted a part of said trust fund. The answer admitted all of the allegations of the complaint except three, to wit: that the plaintiffs accepted the trust under the will; that they, after the acceptance of the account, held and were still holding the residuary estate as trustees; and that the notes sued upon constituted a part of the trust fund so held by them.

The court found the following additional facts: The balance remaining in the hands of the executors upon the settlement of the estate and forming the residuary estate impressed with the trust, amounted to $950,000. This fund, which included the notes in suit, which were owned by Hawley at his death and during the settlement of the estate had been in the possession of the plaintiffs, was by the will given to them as trustees for the use and benefit of the testator's widow and children.

During the settlement of the estate the plaintiffs made certain distributions of income in conformity with the terms of the trust, and during the period of nearly two years succeeding the settlement of the account and antedating the commencement of the action they collected the income on the residuary estate, including the interest on the notes in suit, paid it over to the beneficiaries under the trust in accordance with the terms thereof, invested and reinvested the property included in that estate, rendered monthly statements to the beneficiaries, as trustees asked and obtained leave from the Court of Probate to sell the realty which formed a part of the residuary estate, carried on extensive building operations upon such real estate, and dealt with both the real and personal property devised and bequeathed to them in trust in accordance with the terms of the trust. Upon the same day that the account of the executorship was accepted the plaintiffs

and the beneficiaries under the trust entered into a written agreement by the terms of which the compensation of the plaintiffs as trustees was fixed, certain expenses by them as trustees arranged for, and the rendition of monthly statements to the beneficiaries agreed upon.

The plaintiffs, as trustees, never filed with the Court of Probate an inventory of property held by them in that capacity. Their executors' account contained a full and complete inventory of the estate which was to pass under the trust. They never filed an annual account. No order of distribution of the testator's estate was shown. The notes were never indorsed or otherwise assigned by the plaintiffs as executors to themselves as trustees.

The defendant objected and excepted to the admission of the testimony as to the action of the plaintiffs in the distribution of income to the beneficiaries under the trust during the period prior to the allowance of the account of the executors, and as to all their acts and conduct subsequent thereto in the management of the residuary estate, the disposition of its income, and their dealings with the trust beneficiaries, as being either irrelevant or incompetent.

The court found the three issues raised by the pleadings in favor of the plaintiffs. The errors charged relate to the court's action in reaching these conclusions, and in admitting the testimony objected to.

*John C. Chamberlain*, with whom was *Alfred B. Beers*, for the appellant (defendant).

*John S. Pullman* and *Samuel F. Beardsley*, for the appellees (plaintiffs).

PRENTICE, J. The defendant in its answer has not put in issue the right of the plaintiffs to maintain their action as trustees under the will, by specifically deny-

ing such right as required in § 609 of the General Statutes. It has simply denied an allegation of the complaint that the plaintiffs accepted the trust under the will. The utmost effect, in any view of this denial, which could be given to it, was to entitle the defendant to call in question the plaintiffs' standing as trustees by reason of a failure on their part to accept the trust. The trial court gave the defendant the full benefit of the narrow issue of fact thus presented, and determined it against its contention. There was ample justification for such a conclusion in both the presumption which the law would raise from the plaintiffs' qualification as executors, and the affirmative evidence of their conduct in their official relation to the estate, both before and after the allowance of their final account as executors. *Baldwin* v. *Porter*, 12 Conn. 473, 481. No action of any court was necessary to give effect to such acceptance. It was a matter for individual decision and action, and there could be no surer indication of that decision and action than their conduct touching the property which was to form the trust fund. Proof that the plaintiffs before the allowance of their final account as executors did acts in relation to the estate in their hands which were those of trustees, and after such allowance dealt with the estate, and with those who were beneficiaries thereof under the terms of the trust, as trustees under such terms would, and as persons in other capacities would not, was, therefore, most pertinent, and was rightfully admitted.

The second of the issues arises from the denial of the allegation of the complaint that the plaintiffs, after the allowance of their final account as executors, held the residuary estate remaining in their hands as trustees under the provisions of the will, and were so holding it at the time of the commencement of the action. The question already discussed is closely related to that

here presented, and the answer to the former enters as an important factor into a determination of the answer to be given to the latter.

It having been found that there had been an acceptance of the trust, it only remained to inquire (1) whether the plaintiffs undertook the execution of the trust and the management of the trust estate in the capacity of trustees, and (2) whether, if so, there was any reason why the possession which they then had of that estate was not in contemplation of law to be regarded as possession by them in that capacity. The first of these inquiries is one of fact, and the court has answered it affirmatively. The evidence already considered was plainly pertinent to it, and · upon the strength of it no other conclusion than that reached could well have been arrived at.

The defendant, however, urges that whatever may have been the plaintiffs' notion of the capacity in which they were acting after the final settlement of the estate, and whatever capacity they may have undertaken to assume, they must be legally regarded as acting as executors and not as trustees, for the reason that there had never been such formal action taken as the law requires as a condition precedent to a change of capacities. In this connection, it is said that the legal consequence claimed must attach because there was no distribution by the Court of Probate, no inventory of the trust fund or trust account filed in that court, and no assignment, transfer, or delivery of the fund made, nor any one of these things.

Under the conditions present in this case, no one of these formalities was necessary to a change in the character of the holding. The plaintiffs were by the will given the residuary estate of the deceased in a double fiduciary capacity, that estate came into and remained in their hands, the balance thereof remaining

after the execution of one trust belonged to the other, the amount of such balance had been definitely ascertained by the settlement of the final account of the executorship, and no bond or other formality was a prerequisite of qualification for the trusteeship. The court has found conduct on the part of the plaintiffs unequivocally indicating their intention, and declaring their election, to hold and administer the fund under the terms of the trust created by the will. The law will accordingly regard the fund as transferred and held in the new capacity. *State ex rel. Lynch* v. *Whitehouse,* 75 Conn. 410, 417, 53 Atl. 897; 80 Conn. 111, 120, 67 Atl. 503; *State* v. *Cheston,* 51 Md. 352, 376 *et seq.; Ruffin* v. *Harrison,* 81 N. Car. 208, 221; *Bell* v. *The People,* 94 Ill. 230, 237; *Pratt* v. *Northam,* 5 Mason (U. S.) 95, 108.

The complaint alleges that the notes in suit constituted a part of the trust fund. This allegation is denied, thus creating the only remaining issue. The contention here is that they do not belong to the fund, for the reason that they have never been indorsed or otherwise assigned to the plaintiffs as trustees. It is urged in support of this contention that the defendant cannot and ought not to be compelled to pay the amount due upon this paper except to persons who have title thereto, and thus are legally entitled to receive the money. Section 4219 of the General Statutes furnishes a complete answer to this claim. Under its provisions, negotiable paper can be transferred by parol and delivery and without indorsement, thereby giving title to it. *Meuer* v. *Phœnix Nat. Bank,* 94 N. Y. App. Div. 331, 88 N. Y. Supp. 83; *Goshen Nat. Bank* v. *Bingham,* 118 N. Y. 349, 23 N. E. 180.

There is no error.

In this opinion the other judges concurred.