THE PEOPLES BANK AND TRUST COMPANY, ADMINISTRATOR, *vs.* ADOLPH E. SEYDEL ET AL.

Third Judicial District, New Haven, January Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

An administrator who has paid a creditor of the estate the amount of his claim in full, upon the mistaken assumption that the assets were sufficient to discharge all liabilities, cannot maintain an action to recover the amount so paid until the estate has been represented insolvent and the amount of the dividend or percentage

to which the creditor is entitled has been determined by the Court of Probate, which alone has original jurisdiction of such matters.

Other creditors of the estate are not affected by such payment; as the administrator will be deemed to have the amount of the overpayment still in his hands to respond to their claims under the orders of the Court of Probate.

Ample protection against insolvency, whether originally known or discovered during the settlement of the estate, is afforded executors and administrators by the provisions of §§ 4991, 4992 of the General Statutes.

The case of *Mansfield* v. *Lynch*, 59 Conn. 320, explained and distinguished.

Argued January 21st—decided April 17th, 1920.

ACTION to recover money alleged to have been paid through mistake, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $412, and appeal by the defendants. *Error; judgment to be entered for defendants.*

*Edwin S. Pickett*, for the appellants (defendants).

*Charles E. Clark*, with whom was *Harrison Hewitt*, for the appellee (plaintiff).

GAGER, J. This is an action by an administrator to recover back money paid by mistake to a creditor having a valid claim against the estate. The plaintiff is administrator of one Scheuerman. The inventory showed an estate of over $4,000. The defendants presented a claim of $400.75 for funeral expenses. The claim was allowed as valid by the administrator, and it, supposing in good faith that there was ample estate, paid the bill in full soon after its presentation. Subsequently it turned out that the estate was of little value, and was insufficient to pay in full the funeral expenses and expenses of the last sickness, and the expenses of settling the estate. Thereupon the plaintiff de-

manded of the defendants the return of the entire amount paid them, and upon their refusal this action was brought. The return was demanded for the purpose of a proportionate division among the creditors, of whom the defendant firm was one.

The plaintiff at no time represented to the Court of Probate that the Scheuerman estate was insolvent, and no steps have been taken to settle it as an insolvent estate, and consequently there has been no ascertainment by the Court of Probate of the percentage of dividend, if any, which would be payable to creditors of any class and to the defendants. The court rendered judgment for the whole amount paid, and the defendants appeal.

Among the reasons of appeal are these: (3) that the court erred in holding as matter of law that there will not be sufficient funds in the estate with which to pay other preferred claims of the same class of priority as that of the defendants; (10) that the court erred in holding as matter of law that the plaintiff could recover in this action, it not having informed the Court of Probate of the condition of said estate, so that defendants could be notified and heard upon certain applications then or thereafter pending in said court; and (15) that the court erred in holding as matter of law that the failure of the plaintiff to inform the Court of Probate of the insolvency of said estate, so that notices might be given to all persons affected, made all orders of the court void for want of notice. The other reasons of appeal it is not necessary to notice.

Claim is made that the case of *Mansfield* v. *Lynch*, 59 Conn. 320, 22 Atl. 313, is ample authority for this action and for the judgment rendered. It is rather curious that nowhere in the present case, from the complaint to the reasons of appeal, does any clear attempt appear to have been made to state a case bring-

ing the essential facts within the authority of the elaborate and clear opinion of JUSTICE TORRANCE in *Mansfield* v. *Lynch, supra;* and we have some difficulty in extracting from the reasons of appeal anything that very distinctly raises the real question at the basis of a proper judgment here. There is, however, in the 10th and 15th reasons of appeal, and by inference in the 3d, some claim, based on the fact that Scheuerman's estate has never been represented insolvent, which affords ground for our consideration of the really vital point in the case, so that by this decision we shall not appear to sanction an entirely defective course of procedure in the attempt of the administrator to recover back the money paid to the defendants.

"The policy of our law is to make the Court of Probate the instrument by which everything relating to the settlement of the estates of deceased persons may be accomplished." *Tweedy* v. *Bennett,* 31 Conn. 276, 279. In the same case it is also said (p. 278): "Every estate in the legal course of settlement is to be treated as solvent, until represented otherwise to the Court of Probate; (per CHURCH, J., in *Bacon* v. *Parker,* 12 Conn. 217); but when the assets of the estate are insufficient for the payment of all claims upon them, they must be distributed amongst the creditors in the order and manner pointed out by the statute; every creditor being entitled, not only to his appropriate place in the order of priority, but also to his due proportion of such assets with other creditors of the same degree; and an executor has no right to pay out the assets to any one creditor, to the exclusion or injury of another. If he desires to protect himself against liability for claims beyond the value of the assets, he has but to represent to the Court of Probate that the estate will probably be insolvent, and settle it as such in the manner provided by statute."

The General Statutes, §§ 4991 and 4992, give administrators and executors ample powers to protect themselves in case of insolvency, whether originally known or discovered at any time after the settlement of the estate has been begun. Until the estate is represented insolvent, the administrator or executor is chargeable as administering a solvent estate, which means, of course, that he is chargeable with the payment of all lawful claims in full. Until the estate is represented insolvent, the administrator cannot be heard to say that he needs the whole or any part of the amount paid by him on a valid claim, because he has paid it under a mistake as to the solvency of the estate. In an action to recover money so paid, the Court of Common Pleas has no original jurisdiction to determine whether the estate is solvent or not, or to determine what, if anything, shall be paid back. These questions must be answered by reference to the proceedings in the Court of Probate. In the present case there were no such proceedings.

It is to be remembered that the only mistake claimed here is that of supposing from the inventory that the estate was solvent when payment was made, while in fact, on liquidation of the inventoried assets, the estate was insolvent. So far as the element of mistake is concerned, *Mansfield* v. *Lynch*, 59 Conn. 320, 22 Atl. 313, is ample authority for holding the mistake claimed here one which will entitle the administrator to recover; but what is it which can be recovered by the administrator? Not necessarily or probably the entire amount paid to the creditor, but so much only as is over and above what the creditor would have been entitled to receive upon ascertainment by the Court of Probate of the dividend payable on settlement of the estate as insolvent. It is of the essence of the administrator's case, then, to show that the

estate is in settlement in the Court of Probate as an insolvent estate, the amount of the creditor's claim allowed, the dividend to which the creditor is entitled out of the realized assets, and the amount paid in excess of this dividend, and only such excess can be recovered. Having, as clearly appears, failed to show any of these things, the administrator is not entitled to recover.

In certain particulars the facts in *Mansfield* v. *Lynch, supra,* were like those here, yet the right to recover, as a careful study of that case will show, was based upon important facts totally wanting in the present case. There the estate had been represented insolvent, commissioners had been appointed and had reported; and the court found due and ordered paid a percentage of the claim allowed, and the action and recovery were for the excess only of the payment above the percentage allowed by the court; we cite a single passage from the opinion (p. 328): "In one sense it is true that the estate owed the defendant the amount overpaid, but it is not in any legal or moral sense true that it was the duty of the administrator to pay, or the right of the defendant to receive, her claim in full from the then known assets of the estate. Her right was only to receive her *pro rata* share with the other general creditors, and the unpaid balance still remained a claim in her favor against the estate. If she gets more than this it must be at the expense of the other general creditors or of the administrator. She did in fact get more than she was entitled to solely in consequence of an honest mistake." See, also, *Walker* v. *Hill,* 17 Mass. 380. In *Walker* v. *Bradley,* 20 Mass. (3 Pick.) 261, a similar case, the statute of limitations was involved, and it was said: "If the plaintiff had discovered the insolvency of the estate immediately after payment of the money, he nevertheless had no legal remedy

until a decree of insolvency. On the passing of that decree, therefore, his right of action first accrued." And further: "But it is very clear, we think, that no action could have been maintained, without proof that the estate was insolvent; and no proof, short of a decree of the judge of probate to this effect, would have been sufficient." In *Walker* v. *Bradley, supra,* the court had decreed insolvency, ordered a dividend of sixty per cent, and the action was brought to recover forty per cent overpaid while the estate was supposed to be solvent.

It is to be observed that in a case like this the overpayment to one creditor does not relieve the administrator from the obligation to pay the dividend ordered to all creditors alike, whether he recover from an overpaid creditor or not. Overpayment is at the risk of the administrator, personally, and not at the risk of other creditors. The action is really for the benefit of the administrator, so that he may not suffer loss as the result of an innocent mistake in assuming the solvency of the estate. If the administrator, for the accommodation of a creditor, by mistake, makes what turns out to be an overpayment, he is deemed, as to other creditors, as having the amount so overpaid still in his hands to respond to their claims under the order of the Court of Probate.

The foregoing reasons make unnecessary any comment on the remaining reasons of appeal, or on the attempt to try out in the Common Pleas Court issues solely within the jurisdiction of the Court of Probate.

There is error, the judgment is set aside and the cause remanded to the Court of Common Pleas with direction to enter judgment for the defendants.

In this opinion the other judges concurred.