STATE OF CONNECTICUT *vs.* GLEN FALLS INDEMNITY
COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, AVERY and FOSTER, Js.

Argued May 9th—decided June 27th, 1935.

*Louis Y. Gaberman,* with whom was *Glen W. Fox,* for the appellant (plaintiff).

*Julius G. Day, Jr.,* for the appellees (defendants).

MALTBIE, C. J.  The defendant LaFlamme was appointed administrator upon the estate of Rose La-Flamme by the Court of Probate for the district of Bristol, accepted the appointment and filed the bond, upon which this action was brought, with the defendant Indemnity Company as surety.  He filed an inventory and appraisal and a supplementary inventory and appraisal of the estate and proceeded with its settlement.  August 16th, 1933, he filed an account in which he stated as receipts the property which had been inventoried, with accrued interest, and listed the claims paid.  The account ended "Balance for distribution to Rosilda Cormier $1153.28, Charles LaFlamme $1153.27."  The account was accepted by the Court of Probate on August 23d, 1933.  LaFlamme distributed the balance shown in the account to Rosilda Cormier and himself in accordance with the statement contained in it, they being children of Rose LaFlamme, but he filed no return of these payments.  He made them in good faith, without knowledge of any other heirs of the estate.

Thereafter Frederick Joseph Carter appealed to the Superior Court from the order allowing the account. The court found that he was the son and heir of Rose LaFlamme and as such entitled to share equally in the

distribution of her estate and it vacated and set aside the probate decree. Carter then applied to the Court of Probate for a hearing upon the final account of LaFlamme as administrator, the court set a day for that hearing, but LaFlamme did not appear. Thereupon the trial court removed him and appointed Louis Y. Gaberman administrator d. b. n. As a result of proceedings subsequently taken upon the application of the administrator d. b. n., the Court of Probate made an order in which it found that LaFlamme had failed to account for $551.93, money received by him upon certain insurance policies, and had failed to pay certain expenses of administration, amounting to $192.87, and also that, after paying the charges, there should be a balance of $2665.61 for distribution, one-third to each of Rose LaFlamme's children; and it ordered LaFlamme to pay to the plaintiff as administrator d. b. n. the sum of $1081.40 in order that the charges it found due might be paid and a proper distribution among the heirs be effectuated. This action is brought upon the probate bond filed by LaFlamme, on behalf of the administrator d. b. n. to recover the amount ordered by the Court of Probate to be paid by him and from a judgment for the defendants the plaintiff has appealed.

The defendant Indemnity Company alone appears in this court and we shall hereafter refer to it as the defendant. It does not contend that LaFlamme was not guilty of a breach of his duty as administrator in failing to account for the insurance money received or that the payment of the balance appearing upon the account filed, in disregard of Carter's rights, was legal; nor does it dispute the right of the administrator d. b. n. in a proper action to recover from LaFlamme the amount of the administration charges found by the Court of Probate to be due. Its defense to the action

is that the order of the Court of Probate was directed against LaFlamme as an individual and not in his representative capacity, that at the time the order was made he was not holding the insurance money in his capacity as administrator, and that therefore his failure to obey the order was not a breach of his duty as administrator within the terms of the bond; and secondly that, even if this be not so, LaFlamme is not obliged to make restitution, because of § 4780 of the General Statutes, which provides as follows: "Whenever any person, acting as . . . administrator, . . . shall make payments . . . under or pursuant to an order of a court of probate having jurisdiction, the person making such payment . . . in good faith, and before an appeal shall have been taken from such order, shall not be liable, or in any way holden, for the money so paid, . . . although the order, under or by virtue of which such payment . . . shall have been made, shall afterward be reversed, vacated or set aside."

Section 4963 of the General Statutes provides that "Any court of probate, after the removal of any fiduciary and the appointment of his successor, may enforce the delivery of any estate held by the former, by virtue of his original appointment, to his successor in the same manner as a court of equity might do." The proceeds of the insurance policies were assets of the estate of Rose LaFlamme, as were the other funds held and disbursed by LaFlamme. Neither his failure to inventory or account for the former nor his improper payment of a part of the estate to himself as distributee could destroy their character as such assets. *Peoples Bank & Trust Co.* v. *Seydel,* 94 Conn. 526, 532, 109 Atl. 861. It does not appear that the money was not in his possession when the order was made and the two sums together amounted to more than he was

directed by the Court of Probate to pay to the administrator d. b. n. It was within the power of the Court of Probate to order him to deliver to his successor so much at least of this sum as was necessary to complete the orderly settlement of the estate. That is what the Court of Probate did; it ascertained the sum which would be necessary to pay the charges upon the estate it found to be due and the amount necessary to give to Carter, who had received nothing, his proper share, and ordered restitution only so far as necessary for these purposes. That it might perhaps have ordered a larger sum to be restored is hardly an objection which the defendant can urge. Reading the order of the Court of Probate in the light of the statute it was applying, it is apparent that it was directed to La-Flamme in his capacity as one who, having been administrator of the estate and been removed, was under a duty to account to his successor for assets of the estate for which he had not accounted or which he had illegally paid out. The condition of the probate bond was that LaFlamme should "well and faithfully discharge the duties of his appointment" as administrator "according to law." One of the duties consequent upon his appointment was that, in case of his removal, he would deliver to his successor the assets of the estate ·to which the latter was entitled. The probate order fixed a certain sum to be paid to the plaintiff and LaFlamme's failure to obey it was a breach of his bond, unless he is protected by the provision of § 4780 of the General Statutes, which we have quoted. *State* v. *Hunter,* 73 Conn. 435, 442, 47 Atl. 665; *State* v. *Howarth,* 48 Conn. 207, 213; *Pinney* v. *Barnes,* 17 Conn. 420, 426; *Roland* v. *Isaacs,* 15 Conn. 115, 122.

Under our probate practice the ascertainment of the heirs of an estate and the ordering of a distribution

requires an order made after due notice, distinct from or in addition to the allowance of a final account; General Statutes, § 4977; *Mack's Appeal*, 71 Conn. 122, 128, 41 Atl. 242; *Mathews' Appeal*, 72 Conn. 555, 558, 45 Atl. 170; *State* v. *Culhane*, 78 Conn. 622, 626, 63 Atl. 636; *Middletown Trust Co.* v. *Gilbert*, 110 Conn. 658, 662, 149 Atl. 233; although no doubt a return of distribution by an administrator where the estate in his hands is all cash or its equivalent, accepted by the Court of Probate after notice, would be a sufficient compliance with the law. *Ward* v. *Ives*, 75 Conn. 598, 602, 54 Atl. 730; *Hotchkiss' Appeal*, 89 Conn. 420, 429, 95 Atl. 26; *Greene* v. *King*, 104 Conn. 97, 103, 132 Atl. 411. An administrator may pay to one claiming as heir his proper share of the estate without such an order but, in doing this, he assumes the risk attendant upon not paying the money to the persons properly entitled to it. *Davenport* v. *Richards*, 16 Conn. 310, 319; *Merwin's Appeal*, 75 Conn. 33, 37, 52 Atl. 484; *State ex rel. Lynch* v. *Whitehouse*, 75 Conn. 410, 415, 53 Atl. 897; *Bidwell* v. *Beckwith*, 86 Conn. 462, 471, 85 Atl. 682. The statement at the end of the account that there was a certain balance for distribution to LaFlamme and his sister, particularly in the absence of any finding that the notice of hearing upon the allowance of the account included a reference to an order of distribution, cannot be held to constitute such an order. LaFlamme made no return of the payments made to himself and his sister. He did not, then, make those payments "under or pursuant" to any order of the Court of Probate, and is not entitled to the protection of the statute.

There is error, the judgment is reversed and the trial court directed to enter judgment for the plaintiff.

In this opinion the other judges concurred.