JOSEPH GALL ET AL. *v.* AUDREY L. RUSHON, ADMINISTRATRIX (ESTATE OF ROSCOE M. LAVEY)

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 115835

Memorandum filed December 10, 1959

*Monchun, Globman & Cooper,* of Hartford, for the plaintiffs.

*Hoppin, Carey & Powell,* of Hartford, for the defendant.

BOGDANSKI, J.  The parties herein have stipulated to the facts of the case.  The pertinent facts may be narrated as follows:  On January 23, 1958, the plaintiff Joseph Gall was operating his vehicle on Windsor Avenue, Windsor, with the plaintiffs Helen Gall and Mary Wasielewski riding with him as passengers; the decedent, Roscoe M. LaVey, was operating his vehicle behind the Gall vehicle, and as the Gall vehicle was stopped at an intersection for a red traffic light, said LaVey struck the Gall vehicle in the rear, thus causing injuries and damages to the plaintiffs; the accident resulted because the decedent was following the Gall vehicle too closely behind; the extent of the injuries and damages suffered by the plaintiffs is shown by the itemization of damages and copies of medical reports attached to the complaint; on January 27, 1958, said Roscoe M. LaVey died of causes unrelated to said accident; on February 6, 1958, the defendant, Audrey L. Rushon, was appointed administratrix c.t.a. of his estate; the Probate Court for the district of Hartford decreed that the time limited for the filing of claims against said estate was six months from February 17, 1958; on February 27, 1958, the plaintiffs filed with said administratrix claims for personal injuries in the total amount of $60,000; on March 15, 1958, the defendant gave written notice that each of the said claims was disallowed in full; the plaintiffs brought suit on said claims on December 17, 1958, more than four months after notice of disallowance (*Gall* v. *Rushon,* Superior Court, Hartford County, No. 115510); defendant demurred primarily on the ground that plaintiffs had not brought suit within four months of disallowance as required by § 45-210

of the 1958 Revision. The court sustained the demurrer, but plaintiffs withdrew their suit before the motion for judgment was to be heard; on October 25, 1958, the plaintiffs, representing the estate of Roscoe M. LaVey to be insolvent, applied to the Probate Court for the appointment of commissioners of an insolvent estate to pass on claims against said estate, including those of the plaintiffs; the defendant administratrix has not represented said estate to be insolvent; the inventory filed in said estate by the defendant dated April 10, 1959, lists assets in the total amount of $11,710; a preliminary estimate of the debts of said estate without reference to the plaintiffs' claim is $4000; at the time of the accident there was in force an automobile policy of insurance covering Roscoe M. LaVey in the amount of $20,000 maximum for each person injured and $40,000 maximum for all claims from any one accident; on December 29, 1958, the Probate Court denied the plaintiffs' application for appointment of commissioners.

In her answer to the reasons of appeal, defendant has filed two special defenses, the first being that the period limited for the filing of claims against the estate expired on August 17, 1958; that under § 45-215 of the 1958 Revision the plaintiffs have no standing to maintain their application for the appointment of commissioners; and that under said statute, the plaintiffs likewise have no standing to maintain this appeal.

The second special defense recites that on March 13, 1958, defendant gave written notice of the disallowance in full of plaintiffs' claims; by writ and complaint dated December 17, 1958, the plaintiffs brought suit on their claims in the Superior Court for Hartford County; and that under § 45-210 plaintiffs' claims are barred and the estate is not, therefore, insolvent.

The issue then is whether the plaintiffs have the right as a matter of law to ask for the appointment of commissioners as they claim they do. They are proceeding under chapter 789 of the 1958 Revision, relating to claims against insolvent estates. Two statutes in this chapter regulate the appointment of commissioners by the Probate Court. One is § 45-214, on which the plaintiffs are relying. The other is § 45-215, on which the defendant relies in opposition to the plaintiffs' claims.

Section 45-214 is the statute under which commissioners are appointed where it appears at the outset of the administration that the estate is insolvent. Where, however, the representation of insolvency is made after the claims period has already expired, as in this case, the appointment of commissioners must be made under § 45-215. The pertinent portion of § 45-215 reads as follows: "Whenever, in the course of the settlement of the estate of a deceased person, the executor or administrator, after the expiration of the time limited by the court of probate for presenting claims against such estate, represents such estate to be insolvent, the court shall appoint commissioners to receive and decide upon the claims of creditors of such estate, proceeding in the manner prescribed in section 45-214 . . . ." Said language states that the representation of insolvency must come from the fiduciary. Locke & Kohn, Connecticut Probate Practice, volume 2 has the following comment on the subject at page 538: "[I]t has been assumed that the representation of insolvency is to be made by the executor or administrator, not by creditors." See *New Haven Savings Bank's Appeal,* 10 Conn. Sup. 1, 2. These statutes are designed to assist the fiduciary, not the claimants. The representation of insolvency is a device which the administrator may employ "[i]f he desires to protect himself against liability for

claims beyond the value of the assets." *Tweedy* v. *Bennett,* 31 Conn. 276, 278; *Peoples Bank & Trust Co.* v. *Seydel,* 94 Conn. 526, 529.

In her second special defense, defendant advances the claim that it is not clearly mandatory, as plaintiffs contend, that the Probate Court appoint commissioners upon the mere representation of insolvency; that to carry this position to its logical conclusion, any creditor who has failed to pursue his statutory remedy could by representing an estate to be insolvent force the Probate Court to order the insolvent administration of the estate, though in fact the estate were clearly solvent. In treating on this subject, Locke and Kohn state that "[w]hile the statutes . . . seem to make it mandatory that, if an estate be represented insolvent, the court appoint commissioners, it seems that the court has some discretion . . . . It should, before deciding to appoint commissioners, consider the probable solvency or insolvency of the estate and other factors bearing upon the desirability of settling the estate as insolvent." 2 Locke & Kohn, op. cit., p. 536, § 495.

Unfortunately, any harshness that may result to the plaintiffs from the denial of their application stems from the fact that they failed to avail themselves of the remedy provided by statute. The statutes regarding appointment of commissioners was not designed for the purpose of reviving claims otherwise barred by the Statute of Limitations. Rather, they and other statutes relating to the settlement of estates are designed to promote the quick and efficient handling of estates. *Spalding* v. *Butts,* 6 Conn. 28, 30; *Husted* v. *Hoyt,* 12 Conn. 160.

Wherefore it is found that the special defenses have merit and the issues are therefore found for the defendant. The appeal is hereby dismissed and

it is ordered that the doings of this court be remanded to the Probate Court for the district of Hartford.

Judgment may so enter.