[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (#101)
This matter comes before the court on the Motion to Dismiss (#101) filed by the Appellee, Anne Patten. The Appellant, Althea S. Dinan, has filed a brief in opposition (#103) to the Motion to Dismiss.
There is no apparent dispute concerning the following facts:
 1) The appellant was married to the decedent, Albert A. Garafalo, on the date of his death, July 21, 2000.
2) The decedent died testate.
 3) The will and any codiciis named only the appellee and her daughter as beneficiaries.
 4) The will and any codicils made no provision for the appellant, widow.
 5) The appellant filed a notice of her interest in the will/estate, with the probate court, on July 26, 2000.
 6) After a variety of discussions (having no bearing on this motion), the appellant notified the appellee and the court of her decision not to appear at a probate hearing on October 17, 2000. However, the appellant also advised the appellee and the court of her reservation of the right to appeal any decision the court might enter.
 7) The court held a hearing, at which no interested party appeared, on October 17, 2000.
 8) The court issued an order admitting the decedent's will on October 17, 2000.
CT Page 3404
 9) The court sent notice of the decision to appellee, her attorney, and her daughter on October 17, 2000.
 10) On or subsequent to October 25, 2000 the court sent a notice of the decision to appellant.
 11) The appellant filed the Motion for Permission to Take Appeal (dated November 16, 2000) on November 17, 2000.
The entire dispute revolves around a determination about when the appellant's appeal period started; if the period started thirty (30) days or less before the appeal was filed the Motion to Dismiss must fail.45a-187 (a) C.G.S.
The appellee's position is that the appeal period commenced on October 17, 2000, the day she, her attorney and her daughter were noticed by the court of its decision. Appellee argues that the court should find that the effective date for notice to the appellant. The appellee bases her argument on the statement
 ". . . Ms. Dinan was well aware that the court was going to enter the decree at issue on October 17 . . ." Appellee Brief (#102) at pg. 5.
Appelle's argument cannot survive thorough analysis. Neither appellee, appellant or anyone else knew what the court might or might not do on October 17, 2000. While one might speculate based on normal routine, no one knew what the court would do or when it would do it (Example adabsurdum, Judge Caruso decided to take his family skydiving on October 17, 2000 and postponed the hearing).
There is ample and sound logic why appellee's position cannot prevail as noted in Kron v. Thelen, 178 Conn. 189 (1978):
 "Section 45-289 (now 45a-287) does not specifically require the Probate Court to notify interested parties of its decision or order following a hearing. . . . It does not follow, however, that the failure of a statute expressly to provide for notice makes possible, by implication, an effective probate decree not based upon notice. See State v. Glen Falls Indemnity Co., 120 Conn. 178, 179 A. 823 (1935) (statute empowering court to make decree ascertaining distributees and authorizing distribution did not provide for notice of hearing; held, decree in above CT Page 3405 regard cannot be made except after due notice to affected parties) (citation omitted). In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended. Citerella v. United Illuminating Co., 158 Conn. 600, 609, 266 A.2d 382 (1969); Masone v. Zoning Board, 148 Conn. 551, 556, 172 A.2d 891
(1961). A statute should not be interpreted to thwart its purpose; Turner v. Scanlon, 146 Conn. 149, 157, 148 A.2d 334 (1959); and its interpretation must avoid a consequence which fails to attain a rational and sensible result. United Aircraft Corporation v. Fusari, 163 Conn. 401, 414, 311 A.2d 65 (1972); Bridgeport v. Stratford, 142 Conn. 634, 644, 116 A.2d 508
(1955). While it is true, as the trial court held, that provisions in statutes fixing a time within which to take an appeal are designed to secure a speedy determination of the issue involved; Fidelity Trust Co. v. Lamb, 164 Conn. 126, 132, 318 A.2d 109 (1972); it is manifestly more compelling that "[t]he right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." Hubbard v. Planning Commission, 151 Conn. 269, 271-72, 196 A.2d 760 (1964); Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 8, 363 A.2d 1386
(1975) (Bogdanski, J., dissenting); see Akin v. Norwalk, 163 Conn. 68, 73, 301 A.2d 258 (1972); Foran v. Zoning Board of Appeals, 158 Conn. 331, 336, 260 A.2d 609 (1969).
 We have held that "it is a principle of natural justice of universal obligation, that before the rights of an individual be bound by a judicial sentence he shall have notice . . . of the proceedings against him." Parsons v. Lyman, 32 Conn. 566, 576, quoting Mr. Chief Justice Marshall in The Mary, 13 U.S. (9 Cranch) 126, 3 L.Ed. 678. Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be riven reasonable notice and the opportunity to present their claims or defenses. (emphasis added) Dohany v. Rogers, 281 U.S. 362, 369, 50 S.Ct. 299, 74 L.Ed. 904
(1930); Proctor v. Sachner, 143 Conn. 9, 17, 118 A.2d 621 (1955); see CT Page 3406 Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113
(1971); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283
(1958); Mullane v. Central Hanover Bank Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1949); Southern New England Telephone Co. v. Public Utilities Commission, 165 Conn. 114, 124, 328 A.2d 695
(1973) (Cotter, J., dissenting); City Trust Co. v. Bulkley, 151 Conn. 598, 601, 201 A.2d 196 (1964); Boltuch v. Rainaud, 137 Conn. 298, 300, 77 A.2d 94 (1950)." See, Kron, supra at 192 et seq.
The Motion to Dismiss is denied.
DANIEL E. BRENNAN, JR., J. CT Page 3407
[EDITORS' NOTE: This page is blank.] CT Page 3408