## ORIENTAL BANK *versus* EDWARD BLAKE, Administrator with the will annexed, of Jabez Hatch.

Where the administrator of an indorser of a promissory note, had been appointed to that office before the maturity of the note, and had given due notice of his appointment, it was *held*, that he was entitled to the same notice of the non-payment of the note, as is required by law to be given to an indorser.

ASSUMPSIT by the indorsees of a bill of exchange for the sum of $780·40, dated on the 13th of February, 1836, drawn by Jabez Hatch junior, on E. Merriam of New York, and payable in six months to the order of Jabez Hatch, the defendant's testator, by whom it was indorsed. The bill was accepted by Merriam.

Upon a case stated it appeared, that on the 16th of August, when the bill became due, it was presented for payment to the acceptor in New York, and upon payment being refused, notice thereof was given to the drawer in due season. A notice directed to the testator, of the non-payment of the bill, inclosed in another notice addressed to Marcus Whiting, the cashier of the plaintiffs, was also deposited in the postoffice at New York. On the day after the notices were received by Whiting, the messenger of the bank carried the one addressed to the testator to the house last occupied by him previously to his death, and inquired of a person there, if that was the testator's house,

and, upon being answered in the affirmative, left the notice there. The family of the testator were not, at the time the notice was left, occupants of the house; but this was not known to the messenger.

The testator died in March, 1836; and the defendant was duly appointed administrator of his estate, with the will annexed, on the 30th of May, 1836, and gave notice of his appointment according to law. On the 14th of October, 1836, Whiting notified to the defendant, that the bill had been protested for non-payment, and requested him to pay the same immediately. Whiting knew, when the bill became due, that the testator was dead.

*E. G. Austin*, for the plaintiffs, contended that the administrator of an indorser is not entitled to notice; but if he is, that the notice to the defendant was given in due season, inasmuch as an administrator is not by law obliged to pay debts within a year from his appointment. *Hale* v. *Burr*, 12 Mass. R. 86; *Commercial Bank of Albany* v. *Hughes*, 17 Wendell, 94. The estate of the indorser has sustained no injury by the omission to give earlier notice.

*June 14th.*

*Blake, pro se,* insisted that as administrator he was entitled to notice, and that it ought to have been given at the time of the dishonor of the draft; and that the holder is bound to use due diligence to ascertain who is the representative of the deceased indorser. Bayley on Bills, (Phillips and Sewall's 2d edit.) 287; *Stewart* v. *Eden*, 2 Caines's R. 121; *Merchants Bank* v. *Birch*, 17 Johns. R. 25; *Price* v. *Young*, 1 Nott & M'Cord, 438.

PUTNAM J. delivered the opinion of the Court. The undertaking of the indorser being conditional, that is, to pay in case the holder shall use due diligence to get the money from the acceptor, and shall not be able to obtain it, due notice should be given to the indorser of the default of the acceptor; and the question is, whether the administrator, who is the legal representative of the indorser, is not entitled to due notice of such default.

*June 24th*

It has been settled in this Court, in *Hale* v. *Burr*, 12 Mass. R. 86, that where the maker of a promissory note dies, and an administrator is appointed before the note falls due, it is not

necessary to make a demand upon the administrator in order to charge the indorser, unless the maturity of the note happens more than a year after the appointment of the administrator. And the reason is, that by the law of Massachusetts no executor or administrator is held to answer to the suit of any creditor of the testator or intestate, if brought within one year from the appointment of the executor or administrator, unless in a case which would not be affected by the insolvency of the estate, or in a case brought for the purpose of ascertaining the validity of a claim which is contested. See Revised Stat. *c.* 66, § 10. A demand of payment, within the year, of any other claims, would be of no effect ; and the want of it could of course be of no prejudice, nor furnish any defence to the indorser against the suit of the indorsee. But if the note should fall due after the expiration of the year, and the estate should not be represented insolvent, there would seem to be no reason why the holder should not make a demand on the executor or administrator of the promisor ; for he would then be liable to a suit, upon non-payment, and upon a demand, he might safely pay ; and the indorser would have reason to complain of the laches of the holder, if he had neglected to make a demand upon the executor or administrator, and to give notice of a default of payment, under such circumstances.

But it does not follow, that because to charge an indorser, no demand is necessary to be made on the administrator of the maker of a note or the acceptor of a bill of exchange falling due within the year after the appointment, notice of the dishonor of the bill is not necessary to be given to the administrator of the indorser, in a reasonable time. He stands in the place of the indorser ; and a want of notice of the dishonor of the bill may be prejudicial to all persons interested in the estate of his intestate. He, for example, may have paid to the party liable to him upon the bill, money which he might have retained, or have otherwise omitted to obtain security against the undertaking of his intestate.

In Chitty on Bills, (2d Engl. edit.) 167, the law is stated to be, that if the party entitled to notice be a bankrupt, notice should be given to him and to his assignees ; if the party be

dead, notice should be given to his executor or administrator. See Bayley on Bills, (Phillips & Sewall's 2d ed.) 284, 287.

In *Merchants Bank* v. *Birch*, 17 Johns. R. 28, *Spencer* C. J. said, " If an indorser be dead at the maturity of a note, and there be executors or administrators, at the time, known to the holder, notice must be given to them, for they represent the testator or intestate, and are as fully entitled to notice as he would be, if alive." Now in point of fact, the defendant had been appointed, and had given the requisite public notice of his appointment nearly three months before the maturity of the bill. The plaintiffs cannot be permitted to say, that they had no notice of the appointment. They had, or might have had, if they had used due diligence.

Payment by the administrator of the acceptor, at the maturity of the bill, within the year, could not be enforced by legal process. The law will presume, that a demand of payment under such circumstances would be fruitless. It would be useful to the administrator of the acceptor, but would not be of any benefit to the indorser. Whereas a notice to the administrator of the indorser, of the non-acceptance or non-payment of the bill, is of vital importance, inasmuch as it would enable him to take immediate measures against the parties liable to him, for the security of the estate of his intestate.

Now while, on the one hand, to charge an indorser, the law will not require the holder to make a vain demand on the acceptor, it will not, on the other hand, excuse him for neglecting to give essential notice. And we are all of opinion, that the case at bar falls within the latter position. The reasonable notice which would have been required to be given to the indorser, is quite as necessary to be given to his executor or administrator. But the facts show that such notice was not given.

The opinion of the whole Court is, that the judgment shall be entered in favor of the defendant.