<hr />

EDWARD A. RIDLEY & another *vs.* JOSEPH C. KNOX & wife.

Hampden. Sept. 23. — Nov. 26, 1884. C. ALLEN & COLBURN, JJ., absent.

The provision of the St. of 1862, *c.* 198, § 2, that, unless a married woman, proposing to do business on her separate account, or her husband, files a certificate as therein provided, the husband shall be liable upon " all contracts lawfully made in the prosecution of such business," applies to a purchase made in the prosecution of a business carried on in this Commonwealth by a married woman domiciled here, although made by her in another State, where payment is to be made.

A husband and wife cannot be sued jointly on a contract made by her in the prosecution of a business carried on by her separately in this Commonwealth, no certificate having been filed by either as provided in the St. of 1862, *c.* 198; but each is severally liable.

If a husband and wife are sued jointly on a contract made by her in the prosecution of a business carried on by her separately in this Commonwealth, no certificate having been filed by either as provided in the St. of 1862, *c.* 198, and a verdict is returned against them jointly, the plaintiff may apply to the court for leave to amend, by discontinuing as to one of the defendants, and to enter judgment against the other.

CONTRACT on an account annexed, for goods sold and delivered. Trial in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions, in substance as follows:

The evidence in the case showed that the defendants were husband and wife; that they resided in Springfield, in this Commonwealth, in 1878; that the wife was then doing a millinery business on her separate account, in Springfield; that no certificate of this fact was then filed in the city clerk's office of Springfield, as required by statute; that she went to the plaintiff's place of business in the city of New York, and there bought the goods in question, and there paid $100 thereon; that no place of payment or performance of the contract was agreed upon; that the goods were sent to her at Springfield, by express; that she paid $200 on the arrival of the goods, and placed the goods in her store; and that no demand was made on her for the balance due until more than a year before suit brought. It did not appear that the husband ever knew of or had anything to do with the transaction, or that any demand was ever made on him before suit brought.

The defendants put in evidence the New York Laws of 1860, c. 90, § 8, as follows: "No bargain or contract made by any married woman, in respect to her sole and separate property, or any property, which may hereafter come to her by descent, devise, bequest, purchase, or the gift or grant of any person (except her husband), and no bargain or contract entered into by any married woman in or about the carrying on of any trade or business, under any statute of this State, shall be binding upon her husband, or render him or his property in any way liable therefor."

The defendants contended that they were not jointly liable in this action; that the contract was made and to be performed in New York; that the liability of the first-named defendant in this action depended solely upon his liability in New York; and that he was not liable under any circumstances; and asked the judge to rule as follows: "1. An action for goods sold to a married woman cannot be maintained against husband and wife jointly, except on evidence of a promise by both. 2. Where goods are bargained for, part payment made, and the goods are delivered to the carrier by the vendor, all in the State of New York, and no other place of payment or performance is agreed upon, then the contract is made and to be performed in the State of New York; and if such goods were bought by a married

woman doing business on her own separate account in Massachusetts, no certificate of the fact having been filed, as provided for in the St. of 1862, *c.* 198, still the husband of such married woman would not be liable in a suit in Massachusetts for such goods, unless it be shown that he would be liable for the same in New York. 3. If this contract was made in New York, and no other place of payment was agreed on, it was a contract to be performed in New York. 4. On all the evidence in the case, the plaintiffs cannot recover against the male defendant."

The judge declined so to rule, and ruled that, by the terms of the statute, the husband, where no certificate had been filed, was made liable upon all contracts lawfully made by the wife in the prosecution of her business " in the same manner and to the same extent as if such contracts had been made by himself;" and if this contract was so made in New York that it could be enforced against the maker in this Commonwealth, the husband would be liable in this action.

The jury returned a verdict for the plaintiffs; and the defendants alleged exceptions.

*S. Sanders*, for the defendants.

*L. White*, for the plaintiffs.

HOLMES, J.   The St. of 1862, *c.* 198, which requires a married woman, proposing to do business on her separate account, to file a certificate as therein provided, enacts, in § 2, that, if no such certificate shall be filed by the married woman or her husband, the husband shall be liable upon " all contracts lawfully made in the prosecution of such business." The court is of opinion that these words apply to purchases made in the prosecution of a business carried on in this Commonwealth by parties domiciled here, even if they are made by the married woman outside the State, and contemplate payment at the place where they are made. The statute was intended to relieve persons dealing with married women from such embarrassments as are pointed out in *Feran* v. *Rudolphsen*, 106 Mass. 471, 473. As business dealings obliterate State lines, and as the embarrassments are the same whether the other parties live in Massachusetts or elsewhere, we must assume that the broad language of the act was used advisedly. It is unnecessary to consider what would be the effect of a New York statute covering the present

case, and prohibiting the imposition of any liability on the husband, for it is enough to say that there is no such statute, without intimating that the result would have been different had such a statute existed.

These considerations dispose of all the defendants' requests for rulings, except the first. The statute does not create a joint liability, although husband and wife are each severally liable, and on this point the exceptions must be sustained. But as the objection to the action in its present form is merely technical, the plaintiff may apply to the Superior Court for leave to amend, by discontinuing as to one of the defendants, and to enter judgment against the other.            *Exceptions sustained.*