93 161
s107 544

FIRST NATIONAL BANK OF MANNING, IOWA, Appellant,
v. FRANK FARNEMAN.

**Protest:** DILIGENCE. Bank A drew a draft on the First National Bank of Carroll, payable to defendant. He endorsed it to plaintiff, in blank. On November 8 it endorsed it to bank C at Des Moines, for collection. It endorsed it to bank D of Carroll for collection, and sent it there, where it reached on the morning of November 10. It was at once presented and payment refused. It was properly placed with a notary, to be protested. After due demand, he prepared notices for plaintiff, defendant, and the Des Moines bank. Defendant lived at Carroll, which fact, if not known, could have been easily learned. The notary sent the notices to the Des Moines bank. It sent all but the one to itself to plaintiff. Plaintiff canceled all the endorsements but that of defendant, and promptly demanded payment of defendant on November 12, the day on which it got the notices. It was refused. *Held*, the defendant must be treated as the sole endorser. The delay stated released him.

*Appeal from Carroll District Court.*—HON. C. D. GOLDSMITH, Judge.

THURSDAY, DECEMBER 20, 1894.

On the seventh day of November, 1892, the Bank of Kirkman drew its draft on the First National Bank of Carroll, Iowa, with the defendant as payee, for the sum of three hundred and fifty dollars. The defendant sold the draft to the plaintiff bank, and transferred

it by his indorsement in blank, on the eighth day of November, 1892. On the same day the plaintiff sent the draft for collection to its correspondent, the Valley Bank of Des Moines, at Des Moines, Iowa. On the next day the Valley Bank sent it for collection to the German Bank of Carroll, with its indorsement. The draft was received by the German Bank between nine and ten o'clock on the morning of the tenth day of November, and it was presented at the First National Bank of Carroll, and payment refused for want of funds on deposit by defendant. The draft was at once placed in the hands of a notary for protest, and, after due demand, notices were prepared for the plaintiff bank, the Valley Bank, and the defendant. It appears that at this time the defendant's residence was at Carroll, but that fact was not known to the notary. The three notices were inclosed in one envelope, and forwarded to the Valley Bank at Des Moines; and this bank forwarded the two notices, not for itself, to the plaintiff bank at Manning, where they were received on the morning of the twelfth of November; and on the same day, and by the first train, the vice-president of the bank proceeded to Carroll, and presented the notice to the defendant, and demanded payment of the draft, which was refused. Of the indorsements on the draft, those other than that by defendant are erased. This action, aided by attachment, is to recover from defendant the amount of the draft. The answer put in issue defendant's liability as indorser, and presented a counterclaim for the wrongful suing out of the attachment. The cause was tried to the court, without a jury, which found for the defendant on the issue as to his liability on the draft, and hence that the attachment wrongfully issued, and gave judgment for defendant on his counterclaim. The plaintiff appealed.— *Affirmed.*

*F. M. Powers* for appellant.

*M. W. Beach* for appellee.

Granger, C. J.—Counsel agree that the only question before the court is whether or not the notice given was sufficient to charge defendant as an indorser. After a refusal to pay the draft by the bank, immediate notice was essential to charge the endorser. *Coal Co. v. Bowman*, 69 Iowa, 150, 28 N. W. Rep. 496. The notice might have been given by being deposited in the postoffice to the address of the defendant. This was not done. Had it been done, the notice would have been given on the day of the dishonor, for the defendant's postoffice address was at the place where presentment was made. The excuse for sending the notice to the bank at Des Moines is that the notary did not know the address of the defendant. To excuse a want of notice or delay in such a case, diligence should be exercised to learn the address of the indorser. Daniel, Neg. Inst. section 1116. In this case the record shows affirmatively that no effort was made to learn the address of the defendant. An inquiry at the bank where the draft was presented for payment by the notary would, with little doubt, have disclosed the address of defendant, for the draft itself indicated business relations between them. Such an inquiry would naturally be suggested from the nature of the transaction in the exercise of diligence. In the section cited in Daniels on Negotiable Instruments it is said that "the holder will always be presumed to know the residence or place of business of his immediate indorser." *Lawrence v. Miller*, 16 N. Y. 235. In the same section from Mr. Daniel's work it is said: "The holder should not fail to communicate any knowledge he may have as to the residence or place of business of

the party to whom the notary is to make presentment or give notice; and, if he does not do so, he will be bound by any consequent mistake made by the notary, and the drawer or indorser will be discharged." A number of authorities are cited in support of the rule. That the officers of the plaintiff bank knew the address of the defendant is quite certain; and had the bank, in sending the draft for collection, observed the rule above given, the delay would have been avoided. It seems that neither the plaintiff bank nor the notary observed the requirements of the law as to diligence.

Appellant relies, mainly, in argument, on a rule that the holder need only notify his immediate indorser, and this indorser the next, and so on, and then claims that the German Bank did notify the Valley Bank. How such a rule might affect the rights of parties were the German Bank seeking to recover, it is not for us to say. Defendant is the immediate indorser of the plaintiff bank, and, because of the erasures, there are no other indorsers; and the rule cited, if a correct one, is without force. It is to be kept in mind that, as to the indorsers other than the defendant, they were such for collection only, and the indorsements were erased. We treat the case on the theory of but a single indorser, and that one the defendant. The judgment is *affirmed*.