### T. F. SMITH CO. v. AMERICA-EUROPE CO. et al.

(Supreme Court, Appellate Term.   February, 1911.)

BILLS AND NOTES (§ 415*)—INDORSER—NOTICE OF DISHONOR.

In the absence of any adequate explanation why notice of dishonor was not sent to the address of an indorser as shown by city and telephone directories, notice of dishonor sent to a distant state to the address of the payee, who was also an indorser, is insufficient.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1180; Dec. Dig. § 415.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the T. F. Smith Company against the America-Europe Company and another.   From a judgment of the Municipal Court of the City of New York for plaintiff, defendant S. Ormond Goldan appeals.   Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Jerome C. Lewis, for appellant.
Wilber, Norman & Kahn, for respondent.

BIJUR, J.   Defendant appellant was the indorser of a promissory note made by the other defendant to the order of one Guest, who also indorsed the note.   The note was protested for nonpayment.   Appellant filed the proper affidavit, denying that he had received any notice of demand, protest, or nonpayment.   The evidence of the notary is to the effect that he sent the notice of dishonor to appellant "$^c/_o$ Casco National Bank, Portland, Me.," which was the address of the other indorser (payee).

While there are some vague hints in the evidence that the appellant might, nevertheless, have heard of the dishonor of the note, plaintiff failed to substantiate these hints by any evidence whatsoever.   Appellant's address in the city of New York was to be found both in the City Directory and the Telephone Directory, and there is no adequate explanation why the notice of dishonor was not sent to him there.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes