IDA BENNETT, administratrix, *vs.* TREMONT SECURITIES COMPANY & another.

Suffolk. April 1, 1915. — May 20, 1915.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Small Loans. Bills and Notes,* Validity. *Contract,* Implied. *Equity Jurisdiction,* Unjust enrichment.

If, after St. 1912, c. 675, § 5, went into effect, providing that a note purchased in violation of the small loans act by a person not licensed under that act shall be void, such an unlicensed person in a transaction which was subject to the provisions of the act accepted a note in place of another note which was valid and was given to him before the act took effect, the note so received by him is void and he cannot maintain an action upon it; but in a proper action or suit he can recover the amount still due upon the debt for which he received the note.

In this case, such recovery was had in a suit in equity, no question of jurisdiction having been raised by demurrer or otherwise.

BILL IN EQUITY, begun as an action of contract by a writ dated November 13, 1913, and by amendment changed to a suit in equity on April 24, 1914.

The bill alleged that the defendant company was engaged in the business of making small loans under the ·provisions of St. 1911, c. 727, as amended by St. 1912, c. 675; that certain notes given to it by its customers were sold to the plaintiff's intestate after indorsement by the company and its treasurer Gale, as stated in the opinion; that some of these notes were paid and some were renewed by the giving of other notes before St. 1912, c. 675 went into effect, and three of them were renewed further by the giving of further notes after that statute went into effect, such further notes being those described in the opinion as A, B and C. The bill sought either the enforcement of the notes A, B and C, or the renewal and enforcement of the original notes upon the surrender of which the last named notes were given, or for an accounting and adjudication of what was due to the plaintiff by reason of the transactions between the defendants and the plaintiff's intestate.

The suit was heard by *Jenney,* J., who filed a memorandum stating, among other facts found by him, those described in the opinion. He also found that it "was admitted that the plaintiff, if entitled to recover at all, is entitled to recover the entire amount of the notes herein referred to according to the tenor thereof."

Upon his order a decree was made that the plaintiff have judgment against the defendants for the amounts of the notes with interest thereon at the rate of six per cent per annum from the date of the maturity of each, in all $749.15, and for costs. The defendants appealed.

The case was submitted on briefs.

*C. S. Hill & L. Marks,* for the defendants.

*C. W. Rowley & D. J. Riley,* for the plaintiff.

CROSBY, J. No question of jurisdiction having been raised by demurrer or otherwise, we proceed to consider the case upon the merits.

The plaintiff seeks to recover the amounts of three promissory notes executed and delivered to her intestate by the defendants, the defendant company being the maker of the notes and the defendant Gale being the payee who indorsed them to the intestate.

In February, 1912, and for a considerable period before that time,

the defendant company was engaged in the business of making loans of $300 or less, and was licensed to carry on that business as required by St. 1911, c. 727. The defendant Gale, during all the time covered by the transactions involved in this suit, was the treasurer of the company. The judge of the Superior Court before whom the case was tried found that the plaintiff's intestate, during this period, was in the business defined in St. 1911, c. 727, but was not licensed as required by its provisions. The plaintiff's intestate hereafter will be referred to as the plaintiff.

The judge further found that on February 2, 1912, the plaintiff purchased of the company the six notes first described in the bill; that these notes had been taken by the company in the course of its business; that no one of them was made by either defendant, but that all were indorsed by both defendants upon their delivery to the plaintiff. Because of their payment, none of these notes is material to any issue involved excepting one for $368.50, which became due on May 15, 1912. On that date it was surrendered to the company and a new note was given to the plaintiff for the same amount, signed by the company and indorsed by the defendant Gale. The judge finds that "when the note so given in place of the first note became due, a note for the same amount and signed by the same parties was given to the plaintiff, and the note given prior thereto surrendered, and this course was pursued from time to time until August 1, 1913." Shortly before August 1, 1913, the sum of $150 was paid on this note, leaving a balance due of $218, for which the note dated August 1 (Exhibit A) was given by the defendants.

On February 21, 1912, the plaintiff purchased four other notes of the company, two of which afterwards were paid. The other two, namely, one for $200, became due May 15, 1912, and the other, for $300, became due June 15, 1912. The defendants were not the makers of these notes, but indorsed them upon their delivery to the plaintiff. When the two notes last above referred to became due, they were surrendered to the company, and the plaintiff received in place thereof new notes signed by the company and indorsed by the defendant Gale. When these notes became due they were surrendered, and other notes for the same amounts, signed by the same parties, were given to the plaintiff from time

to time until the notes (Exhibits B and C) were given upon July 12 and July 19, 1912, respectively.

The plaintiff, not being licensed under St. 1911, c. 727, was carrying on a business contrary to its provisions. Such a violation of the law was subject to fine or imprisonment or both (§ 17), but there was no provision in the statute which affected or impaired the validity of loans made or notes purchased in violation of its terms. This statute took effect on July 19, 1911, and therefore was in force when the first purchases of all the notes in question were made. This statute prohibits (*inter alia*) any one without a license engaging in the business of making loans of $300 or less if the amount to be paid on any such loan for interest or expenses exceeds twelve per cent per annum. Afterwards St. 1912, c. 675, was enacted, which amended St. 1911, c. 727, and contained, among other provisions, the following (§ 5): "Any loan made or note purchased, or indorsement or guarantee furnished by an unlicensed person, partnership, corporation or association in violation of this act shall be void." This act took effect on June 29, 1912.

The judge further found that when these three notes, copies of which are annexed to the bill, were given, the company paid to the plaintiff, as interest in advance thereon, an amount equal to one and one half per cent a month on the principal sums for the terms therein stated. The judge also found that "When the various notes, referred to herein as notes given upon the maturity of other notes, were delivered, although said notes were written without interest, the plaintiff was paid, by the company, interest in advance thereon at varying rates, never less than one and one half per cent per month."

These findings make it plain that the notes described in the bill as Exhibits A, B and C are all void. They were all purchased since St. 1912, c. 675, took effect, and are clearly in violation of its terms.

The notes which were originally purchased by the plaintiff were not signed by the defendants or either of them. As to these notes the defendants were indorsers, but as there is no evidence to show that any demand for payment ever was made upon them, or that they ever received any notice of the dishonor of these notes, they are not liable as indorsers.

The notes given upon surrender of the original notes were dated respectively May 15, 1912, May 15, 1912, and June 15, 1912. These notes were all signed by the company and indorsed by the defendant Gale, and all subsequent notes were in the same form. When these notes were given they were valid, outstanding obligations because the St. of 1912, c. 675, had not taken effect; but all of the notes given after June 29, 1912, including Exhibits A, B and C, were made void by the statute. In this Commonwealth, while the surrender of a note and the taking of a new note in lieu of the former one is in the absence of any evidence of the intention of the parties to the contrary, presumed to be an extinguishment and payment of the old note, still this presumption of payment may be rebutted by evidence to the contrary. *Adams* v. *Jenkins*, 16 Gray, 146.

While the plaintiff is not entitled to recover upon the notes described in the bill, still, as the original notes and those afterward given by the defendants to the plaintiff before June 29, 1912, were valid and enforceable obligations, we are of opinion that the defendants cannot avoid paying to the plaintiff so much as still was due of the original consideration received by them. They cannot be allowed to escape the payment of a debt originally valid and collectable because under the statute the last notes are void. This rule has been uniformly applied where the new note was void for usury. *Ramsdell* v. *Soule*, 12 Pick. 126. *Walker* v. *Mayo*, 143 Mass. 42.

While the plaintiff is not entitled to recover upon the notes for the reasons stated, she is entitled to be paid the original consideration which the defendants have received from the plaintiff's intestate, which is the amount of the notes with interest at six per cent per annum from the dates of the maturity of each. The decree entered in the Superior Court is to be affirmed with costs.

*So ordered.*