ELIZABETH DONNELLY *vs.* AGNES M. GARVAN, EXECUTRIX.

First Judicial District, Hartford, May Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued May 5th—decided July 9th, 1930.

*Clayton L. Klein,* for the appellant (defendant).

*Nathaniel R. Bronson,* for the appellee (plaintiff).

HAINES, J. The complaint alleged and the answer admitted that the note upon which this action is based, was for $5000, signed by The Bradley Fire Proofing Company, Incorporated, dated November 30th, 1926, and payable sixty days after date with six per cent interest. The note was payable to Rosella Fitzpatrick, and when delivered to her bore the indorsement of Thomas F. Garvan. Rosella Fitzpatrick indorsed the note and delivered it to the plaintiff, Elizabeth Donnelly. Thomas F. Garvan died December 5th, 1926,

and the defendant qualified as executrix of his will and estate December 16th, 1926. The note has never been paid. It was further alleged that the plaintiff at the time the suit was brought, was the holder of the note, which was admitted by the answer. It was further alleged that the note was duly presented at maturity but was not paid; that the plaintiff still owned the note, and that she duly presented the note to the executrix; as to these allegations, the defendant pleaded no knowledge. The further allegation that notice of nonpayment was duly given to Thomas F. Garvan, was denied. The trial court found for the plaintiff upon all these issues and gave judgment for $5736.66.

The appellant seeks to strike out six of the nineteen paragraphs of the finding and substitute four others, as well as to add twenty-four paragraphs from the draft-finding, and the refusal of the trial court to do so is assigned as error. The evidence certified is somewhat meager, but we must assume it is all the evidence given relevant to these claims. Practice Book, p. 96; General Statutes, § 5830; *Costantino* v. *Lodjiodice,* 93 Conn. 203, 105 Atl. 465; *Rowell* v. *Ross,* 89 Conn. 201, 208, 93 Atl. 236. A careful study of all these claims and of the evidence, justifies the granting of some of the requests in whole or in part, and without detailed discussion, we add the following facts to the finding:

"2e. The exact date when the note was delivered to the plaintiff by Rosella Fitzpatrick was not established, but it was a few days before its maturity." "2f. The morning after she received it, the plaintiff wrote her name on the back of the note and sent it to her bank for collection. The date upon which she sent it was not established." "2g. The plaintiff could not tell whether she knew of the death of Garvan at that time, nor could she tell whether she received notice of protest." "2h. Rosella Fitzpatrick had been advised to

put the note in the hands of some one she could trust, and she therefore delivered it to her friend the plaintiff, at the home of the latter in New York City, and asked her as a favor, to put it through the plaintiff's bank for collection, which was done." Paragraph five of the finding is stricken out and the following substituted: "The notice of nonpayment was sent to 'Thomas F. Garvan' who at that time had been dead several weeks." Paragraph six of the finding is stricken out and the following substituted: "To the time this action was brought, the ownership of the note had not changed since its maturity." Paragraph thirteen of the finding states in part, that the plaintiff did not know of the death of Garvan at the time the note matured. This must be stricken out as found without evidence. On the contrary, the plaintiff herself stated that she did not remember whether she knew of Garvan's death, and admits she might have been told of it by Rosella Fitzpatrick at the time the note was handed to her. The remainder of paragraph thirteen should stand.

Involved in the numerous reasons of appeal are two questions of major importance: (a) whether the plaintiff was a holder in due course, and (b) whether the issues framed by the pleadings, if sustained by evidence, are sufficient to support the judgment.

In the law merchant and in our Negotiable Instruments Act the terms "holder" and "holder in due course" are not necessarily synonymous. "Holder" means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof, while a "holder in due course" is a holder who has taken the instrument under the following conditions: (1) that it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such

was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. General Statutes, §§ 4358, 4410. The complaint merely alleged that the plaintiff was the "holder" of the note in question, as well as the owner, the answer admitting the former and alleging no knowledge as to the latter claim.

In thus setting up that she was the "holder," the plaintiff stated all that was necessary, prima facie, to establish her right to sue and recover. General Statutes, § 4409. "The plaintiff was justified in confining his allegations to such as disclosed his right prima facie to recover the amount of the note, leaving to the defendants to set up in their answer . . . the facts which served to limit that right." *Mersick* v. *Alderman*, 77 Conn. 634, 638, 60 Atl. 109; *Sacks* v. *Sheiman*, 105 Conn. 73, 78, 134 Atl. 240; *Kessler* v. *Valerio*, 102 Conn. 620, 623, 129 Atl. 788; *Curtis* v. *Mohr*, 18 Wis. 645, 649.

The answer by admitting that the plaintiff was the "holder," admitted her right prima facie to sue and recover. No claim of fraud, illegality, or defect of title, was set up, or proof attempted. The attempt was made to show by evidence, that the plaintiff was not a holder for value, or holder in due course, and that she was not in fact the "owner" of the note. If the fact had been established it would not have defeated or in any way limited the plaintiff's right of recovery under the issues raised by the pleadings. The evidence was properly excluded.

The next claim for consideration is that the issues as framed by the pleadings do not sustain the judgment, and in that connection we consider whether the liability of the defendant estate of Thomas F. Garvan

to this plaintiff, has been established. As we have seen, the pleadings disclose a suit by a holder of a note which has matured, has been presented for payment at maturity and payment refused, and it is sought by the holder to compel the estate of the indorser to pay the note. That Thomas F. Garvan's position was that of an "indorser" with all the rights and liabilities which the Negotiable Instruments Act attaches to that position, is beyond question. Formerly, at common law, there was much conflict of opinion in different jurisdictions as to the exact status of one who merely signed a note in blank on its back, before the delivery of the note to the payee, where the note was payable, as in this case, to a third person, but now by uniform act, generally adopted, it is settled that "a person placing his signature upon an instrument otherwise than as maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by proper words his intention to be bound in some other capacity." Where "a person not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as an indorser." General Statutes, §§.4421, 4422; *Baggish* v. *Offengand*, 97 Conn. 312, 315, 116 Atl. 614. There are certain very definite requirements of a vital character, which must be met, to hold an indorser under the circumstances in this case. It must be alleged and proved that the note was duly presented for payment and payment refused; that it was protested for nonpayment and that notice of protest was duly given to the party sought to be charged. It is the general rule that to hold the indorser liable to payment of the note, he must be duly notified of the protest for nonpayment and a demand made upon him for payment. This rule applies save where sufficient excuse for noncompliance is shown. It is not a rule of form merely but one of substance, a legal condition of

the contract, and a condition precedent to the indorser's liability. General Statutes, §§ 4447, 4470; *Hurlburt* v. *Bradley,* 94 Conn. 495, 497, 109 Atl. 171; *Smith Co.* v. *American-Europe Co.,* 128 N. Y. Supp. 81; *Gens* v. *Hamilton,* 123 N. Y. Supp. 981; *Guttman* v. *Abbott,* 110 N. Y. Supp. 376; *Bennett* v. *Tremont Securities Co.,* 221 Mass. 218, 108 N. E. 891; *Browning* v. *Carlson,* 163 Mass. 255, 39 N. E. 1037; *Crim* v. *Starkweather,* 88 N. Y. 339; *Field* v. *Nickerson,* 13 Mass. 131; *First National Bank* v. *Farneman,* 93 Iowa, 161, 61 N. W. 424. Where notice is regularly addressed and mailed to the indorser at his last place of residence or business, although he was then dead, it is sufficient, if the holder did not know and could not reasonably have known of the death, or if there was no personal representative such as an executor or administrator of the estate. General Statutes, § 4456; 8 Corpus Juris, p. 646, § 910. But where the death was known to the holder, then notice to the indorser by name is not sufficient but notice must be sent to the executor or administrator or other personal representative of the estate, if it can be learned by reasonable diligence who and where he is. General Statutes, § 4456; *Merchants Bank* v. *Brown,* 83 N. Y. Supp. 1037; *Goodnow* v. *Warren,* 122 Mass. 79; *Oriental Bank* v. *Blake,* 39 Mass. (22 Pick.) 206; 8 Corpus Juris, p. 646, § 910.

If we turn now to the complaint and corrected finding, it appears that in the former there is no allegation that notice of protest was sent to the executrix of the estate of the indorser, nor is any excuse alleged for failure to do so, such as lack of knowledge of the indorser's death. The complaint begins with the allegation that Thomas F. Garvan died December 16th, 1926. The next paragraph alleges that the note was due sixty days after November 30th, 1926, which would be long after his death. Under these circumstances, the allegation of

notice to "Thomas F. Garvan," manifestly could not serve as an allegation imposing liability upon his estate. The original finding did show that the plaintiff did not know of the death, but we have been obliged to strike that out as not supported by evidence. In any event, such finding would be outside the allegations and the issues framed by the pleadings. The plaintiff attempts to meet this situation by calling attention to a paper filed in the Court of Probate by the defendant executrix purporting to show this among other "claims presented to the executrix and allowed by her." The question is thus presented whether such proof can serve the same purpose as a formal notice of protest required by law to be served upon the party to be charged. The record shows conflicting claims as to the purpose for which this document was admitted in evidence, and the ruling did not make it clear, but if we give it the widest scope claimed for it by the plaintiff, it cannot be held to prove that the note was duly presented for payment and was not paid, and was protested, and that this notice of protest was given by or for the holder to the defendant executrix. Moreover, it cannot be held to serve as an admission of the executrix that the estate is liable, because the executrix was without authority to bind the estate of her decedent to a liability not otherwise imposed. *Isaacs* v. *Stevens,* 13 Conn. 499, 505; *Caulfield* v. *Green,* 73 Conn. 321, 324, 47 Atl. 334; 1 Cleaveland, Hewitt & Clark, Probate Law, p. 287, § 224. The complaint against this executrix contains neither an allegation that notice of protest was given to her, nor an allegation that the plaintiff was unaware of the death of Garvan. The corrected finding discloses no proof that his death was in fact unknown to the plaintiff.

Upon the allegations of the complaint and the established facts of this case, we are, therefore, forced to the

conclusion that no liability on the part of the estate of Thomas F. Garvan to this plaintiff, has been stated or established, and the judgment rendered for the plaintiff by the trial court, cannot be sustained.

There is error, the judgment is reversed and the case remanded with direction to the Superior Court to enter judgment for the defendant with costs.

In this opinion the other judges concurred.