## MYRTILLES, INC. *v.* CHARLES L. JOHNSON.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 1st—decided April 8th, 1938.

*Herbert B. Wanderer,* with whom was *William Hanna,* for the appellant (defendant).

*Samuel M. Gordon,* for the appellee (plaintiff).

AVERY, J.   This action was brought by the plaintiff as owner of a promissory note against the defendant as an indorser.   The case was tried to the court and judgment rendered for the plaintiff to recover the amount of the note, from which the defendant has appealed.   The facts are not in dispute, and, so far as necessary for the determination of the questions involved in this appeal, may be stated as follows:   On October 23d, 1933, the defendant was appointed temporary receiver of The Killarney Show Boat, Incorporated, a domestic corporation, and, thereafter, on December 8th, 1933, was appointed permanent receiver. The defendant was a stockholder of the corporation and, on November 18th, 1933, he, with Samuel C. Brack, also a stockholder, and B. deH. McCloskey, Inc., a New York Corporation, entered into an agreement providing for the formation of a corporation to take over the assets of the company in receivership and operate the same by the new company.   On December 15th, 1933, upon motion of the defendant, the Superior Court passed an order for the sale of the assets of the corporation in receivership to B. deH. McCloskey, Inc., for $25,000, payable $10,000 in cash on or before December 28th, 1933, and eight notes totaling $15,000, payable $2000 each month for seven successive months and $1000 the last month, the sale to be made upon the condition that the title to the property should remain in the receivership until the full

amount of $25,000 was paid. In violation of the terms of the order of sale, the receiver sold the assets to B. deH. McCloskey, Inc., on December 18th, 1933, taking in payment a post dated check, which he agreed in writing to deposit not earlier than December 28th, 1933, which has not been paid, and the eight notes as ordered, signed by B. deH. McCloskey, Inc., giving to the latter an unconditional bill of sale of all the rights the receiver had to the assets.

The notes were executed on or about December 20th, 1933, signed by B. deH. McCloskey, Inc., and made payable to the defendant as receiver. A memorandum was made up to be used in endeavoring to liquidate the notes for the purpose of promoting the organization in which the defendant Brack and the new corporation were engaged. This memorandum recited that the notes of this series were personally indorsed and guaranteed by two outstanding individuals who in their respective communities were indorsers of the highest character. In pursuance of the agreement between the parties, the notes were indorsed by the defendant individually before their delivery and were delivered to McCloskey under an agreement whereby he was to endeavor to procure a purchaser for them. The notes were not indorsed by the defendant as receiver. The individual indorsement of the defendant was for the purpose of rendering credit to the notes, and enhancing their value, as neither the maker of the notes nor the receiver would have credit standing with prospective purchasers. Thereafter McCloskey, acting for the McCloskey corporation, Brack and the defendant, sold to the plaintiff for $1000 and other valuable consideration the first of the series of notes which was in the sum of $2000, payable January 28th, 1934. Prior to the delivery of the note, the president of the plaintiff corporation had discussed with Mc-

Closkey the matter of advancing money in connection with the enterprise, and at the time the plaintiff accepted the note its president knew that the note had not been indorsed by the payee, but believed that it was not necessary in view of the other indorsements. He also knew of the purpose for which the notes were given, were being discounted, and of the enterprise to be conducted by the parties. The note was presented for payment on its due date, payment was refused and notice of protest given to the defendant.

The claim of the defendant upon this appeal seems to be that because the note was transferred to the plaintiff without the indorsement of the defendant as receiver the plaintiff is not a "holder in due course;" and that the plaintiff is charged with knowledge that the receiver was not complying with the authority conferred upon him by the order of court in selling the business, and the individual indorsement of the defendant was for the purpose of giving credit to the instrument. The defendant contends that under these circumstances he cannot be held responsible to the plaintiff on the note as an indorser. "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor; but, for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made." General Statutes, § 4366. By virtue of this section of the Negotiable Instruments Act the plaintiff obtained a good title to the note in question. *Goodsell* v. *McElroy Brothers Co.*, 86 Conn. 402, 408, 85 Atl. 509. But inasmuch as the payee named in the note did not actually indorse, the plaintiff did not become

a holder in due course. "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable." General Statutes, § 4375. The plaintiff paid $1000 for the note and other valuable consideration and was a purchaser for value, although he never became a holder in due course.

The defendant, who indorsed the note individually before its delivery to the plaintiff and for the purpose of giving credit to the note, became thereby an accommodation indorser. *Knapp* v. *Tidewater Coal Co.*, 85 Conn. 147, 151, 81 Atl. 1063; *Markel* v. *DiFrancesco*, 93 Conn. 355, 359, 105 Atl. 703; *Donnelly* v. *Garvan*, 111 Conn. 626, 631, 151 Atl. 168. "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." General Statutes, § 4346. The plaintiff to whom the instrument had been transferred for value was not technically a holder. General Statutes, § 4317. As the equitable owner of the instrument he was entitled to have the indorsement of the payee. "When a note is handed over for valuable consideration, the indorsement is mere form; the transfer for consideration is the substance; it creates an equitable right, and entitles the party to call for the form. The other party is bound to do that formal act, in order to substantiate the right of the party to whom he has transferred it." *Watkins* v. *Maule*, 2 Jac. & Walk. 237, 243. "Equity looks upon that as done which ought to have been done. . . . The delivery of the note, under the circumstances stated, constituted the complainant an

endorsee, in equity, with all the rights of a bona fide holder for value before maturity." *Hughes* v. *Nelson*, 29 N. J. Eq. 547, 550. This case, of course, was decided before the Negotiable Instruments Act was drafted or adopted.

The rights of an owner such as the plaintiff who has not yet become a holder in due course because the instrument has yet not been indorsed are stated in Brannan's Negotiable Instruments Law (5th Ed.) p. 747: "Although § 66 [General Statutes, § 4383] states that the warranties of unqualified indorsers run to all subsequent holders in due course, it is significant that the word 'only' is not used, thus the section is silent as to the rights of other holders. . . . The only difficulty arises where the instrument is in the hands of an immediate transferee, not a holder in due course. In such a case there is no reason why §§ 66 [§ 4383] and 65 [§ 4382] cannot be extended by analogy to cover the case. Such a result would conform to the intention of the parties, and the general commercial law covering implied warranties in sales of goods. . . . To hold otherwise would reach the grotesque result. . . . that a transferor of a qualified indorser would have greater rights than a transferor of an unqualified indorser." In the instant case the instrument was negotiable in form. The defendant wrote his name upon the back before its delivery for the purpose of giving credit to the instrument. There is nothing in the case to suggest that the defendant intended to be bound other than as an indorser of the instrument. The indorsement was without qualification. The defendant must be assumed to have intended to obligate himself by the warranties set forth in General Statutes, §§ 4382 and 4383. Among these are the specific warranties, that all prior parties had capacity to contract and that he

has no knowledge of any fact which would impair the validity of the instrument or render it valueless. It follows that the plaintiff as a purchaser of the instrument for value subsequent to the indorsement of the defendant can hold the defendant to these warranties. That the indorsement was made to give credit to the instrument and that the receiver was not acting in conformity with the authority conferred upon him are not defenses available against the plaintiff to this defendant who indorsed the note without restriction before its delivery to the plaintiff.

There is no error.

In this opinion the other judges concurred.