[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#136)
The instant action is one wherein the plaintiff bank instituted suit against the defendant Skip Barber, as guarantor of the repayment CT Page 3880 of monies loaned by it to William Prout under a loan agreement.
The plaintiffs second amended complaint filed on March 22, 1991, alleges the following facts. On February 2, 1989, the defendant Prout as maker executed and delivered a promissory note payable to the plaintiff bank in the principal amount of $125,000.00. On December 20, 1990, judgment was entered against Prout in the amount of $164,420.12. (The judgment against Prout has proven uncollectible and therefore this litigation continues against Barber as guarantor of the note.)
In count two the plaintiff alleges that the defendant Barber unconditionally guaranteed the prompt payment of the note. The plaintiff alleges that Barber owes to the plaintiff the principal amount of $125,000.00 plus interest and costs of collection.
In count three the plaintiff states that on April 23, 1986, the defendant Prout, an employee of the defendant Barber, negotiated a loan with the plaintiff bank. This loan was evidenced by a promissory note, executed by Prout and guaranteed by barber.
The plaintiff further alleges that on August 28, 1986, the parties agreed to renew the note. This transaction resulted in a second promissory note being executed by Prout and guaranteed by Barber. This course of conduct by the parties in renewing the notes continued for several years and included nine periodic rollovers, which culminated in the $125,000.00 note executed on February 2, 1989. At least seven of the notes were guaranteed by Barber. The plaintiff claims that Barber is liable to it, pursuant to the guarantor contract contained in the loan agreement.
On April 15, 1991, the defendant Barber filed a motion to strike the third count of the plaintiff's second amended complaint. Pursuant to Conn. Practice Bk. 155, the parties filed memoranda in support and in opposition to the motion to strike.
The purpose of a motion to strike is to test the legal sufficiency of a complaint. Conn. Practice Bk. 152. "For the purpose of ruling upon a motion to strike, the facts alleged in the complaint, though not the legal conclusions it may contain are deemed to be admitted." Maloney v. Convoy, 208 Conn. 392, 394 (1988). "The facts admitted are construed in a light most favorable to the pleader." Amodio v. Cunningham, 182 Conn. 80,82 (1980). "In ruling on a motion to strike the court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
"In judging a motion to strike . . . it is of no moment that the plaintiff may not be able to prove [its] allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132 (Super.Ct. 1983). "The sole inquiry at this stage of the pleadings is whether the plaintiff's allegations is proved state a cause of action." Babych v. McRae, 41 Conn. Sup. 280, 282 (1989, Schaller, J.) CT Page 3881
The defendant Barber moves to strike the third count of the plaintiff's second amended complaint on the grounds that the plaintiff has failed to allege that it is the holder of any of the notes it seeks to enforce. The defendant argues that any suit brought to enforce the terms of a negotiable instrument may properly be maintained only by the holder of the instrument. The defendant cites Donnelly v. Garvan,111 Conn. 626, 630 (1930) for the proposition that the plaintiff must allege that it is the holder of the note in order to sue and recover.
The plaintiff, in opposition to the motion to strike argues that it is not seeking to enforce the terms of the earlier notes but rather the terms of the contract of guaranty contained in the notes.
In paragraph nine of the third count, the plaintiff alleges that "notes 1, 2, 3, 5, 7, 8 and 9 were guaranteed by the defendant Skip Barber." In paragraph ten of the third count the plaintiff alleges that "Note 10, dated February 2, 1989, in the principal amount of $125,000.00 . . . renewed, extended and/or rolled over note 9. . . ." In paragraph eleven of the third count the plaintiff recites the alleged language of the guaranty contract signed by the defendant Barber. This contract, as stated in paragraph eleven, provides that:
 The undersigned . . . hereby unconditionally guarantees the prompt payment of the within Promissory Note (and all extensions and renewals thereof and of all sums stated or agreed to be payable therein . . . and hereby consents that from time to time, without notice to the undersigned, said Promissory Note may be extended or renewed in whole or in part for any period (whether or not longer than the original period of said Promissory Note), additional credit separate from this transaction may be extended to original Borrower by the Holder, and the Holder of said Note may at any time . . . take any of the actions set forth in said Note all without affecting the liability of the undersigned. . . . The release of any party liable upon or in respect of said Note shall not release any other such party. . . ." (Emphasis added).
The plaintiff has plead facts sufficient to state a claim of action to enforce the contract of guaranty. A motion to strike must be denied if the facts provable under the allegations of the complaint would support a cause of action. Ferryman v. Groton, 212 Conn. 138, 142
(1989). Accordingly, the motion to strike is denied.
DRANGINIS, JUDGE