[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 18, 1996
The plaintiff seeks a judgment against Diamond Restaurant Inc. et al. as garnishee. The pertinent facts are set forth in a Stipulation of Facts as on file. The court ordered the defendant to pay alimony to the plaintiff. After some modifications of the CT Page 4903 judgment a final order required the defendant to assign a $50,000 interest in the garnishee's note to plaintiff who was to be paid $1,000 per month by the garnishee. Subsequent to this order the garnishee, Diamond, paid two of said payments and thereafter learned of the claims of certain creditors of the defendant, Mr. Anagnos. These claims, it is stipulated, provided Diamond, the maker of the note, with a complete set-off.
The court file contains an agreement of all the parties. It states in part that the defendant, as payee of the note, "hereby assigns immediately to the plaintiff a $50,000 interest in a certain debt" etc.
The plaintiff, Mrs. Anagnos, takes the position that she holds the note in question as a holder in due course and that she accordingly takes it free of the defenses of the maker, Diamond. Contrary to this conclusion, the stipulation does not state that the note in question was endorsed to her. It merely uses the words "Defendant assigned a $50,000 interest in garnishee's note."
The law is stated in 11 Am.Jur.2d Sec. 373 (p. 397):
 In contrast with a `negotiation,' an assignment does not confer the special rights which are given to `holders' of a negotiable instrument. The status and rights of an assignee of a bill or note are not those of a holder under the negotiable instruments law, even though the instrument is negotiable and the transferee is a physical holder, but are those of an assignee of a chose in action generally. (Citing cases.)
 Thus, the general rule is that the title and interests in a negotiable instrument of one acquiring the same other than by negotiation are equal to, but not greater than, those of the one from whom he purchases it for value, whether it is assigned or transferred to him by delivery without an endorsement.
The above exposition of the law is cited in some respects inMyrtilles, Inc. v. Johnson, 124 Conn. 177.
In view of the facts and the law it is concluded that Mrs. Anagnos took the note subject to defenses. It is further CT Page 4904 concluded that she may reargue the matter.
The following orders may enter:
1. The Motion to Re-Argue is granted.
2. The Motion for Judgment against the garnishees. Diamond Restaurant, Inc. and A.L.K. Palatsoukas, is denied.
ALEXANDER, S.T.R.